VALENTINE & CO. *v.* MANDEL.

(*Common Pleas of New York City and County, Special Term.* August 29, 1890.)

CONTEMPT—IN SUPPLEMENTARY PROCEEDINGS—RELEASE FROM IMPRISONMENT.

Code Civil Proc. N. Y. § 2286, providing that where a defendant imprisoned for contempt in supplementary proceedings, as prescribed in section 2457, is unable to endure the imprisonment, or pay the sum, or perform the act or duty required, the court may, in its discretion, and on such terms as justice requires, order him to be discharged from imprisonment, is the only authority for releasing a person so imprisoned, and a motion to be admitted to bail pending an appeal from the order of commitment will be denied. The application for relief must be made under said section 2286.

Action by Valentine & Company, a corporation, against Leopold Mandel. Plaintiff, having obtained judgment, instituted supplementary proceedings, and obtained an order requiring defendant to appear and be examined, which he disobeyed. Thereupon, an order to show cause was made, which defendant failed to answer, whereupon Judge BOOKSTAVER, on August 7, 1890, made an order adjudging him in contempt, fining him the amount of the judgment, and costs, and directing him to be imprisoned until he should pay the fine, or be discharged according to law. On August 27, 1890, Judge ALLEN denied a motion to open the default, and to discharge defendant from custody, and a notice of appeal therefrom was filed and served. Defendant now moves to be admitted to bail, pending the appeal. Code Civil Proc. N. Y. § 2286, is as follows: "Where an offender, imprisoned as prescribed in this title, is unable to endure the imprisonment, or to pay the sum, or to perform the act or duty, required to be paid or performed in order to entitle him to be released, the court, judge, or referee, or, where the commitment was made as prescribed in section 2457 of this act, the court, out of which the execution was issued, may in its or his discretion, and upon such terms as justice requires, make an order, directing him to be discharged from the imprisonment."

*Edward S. Terry,* for plaintiff. *Charles H. Smith,* for defendant.

ALLEN, J. Prior to the enactment of the statute which is embodied in section 2286 of the Code, there was no authority under the statutes of the state to release a person imprisoned for a contempt in proceedings supplementary to execution. *Van Wezel* v. *Van Wezel,* 3 Paige, 38. Such persons may now be relieved, under section 2286, and the defendant should make his application under that section. The present motion must be denied, without costs.