FLORA L. RAY, Respondent, *v.* THE NEW YORK BAY EXTENSION RAILROAD COMPANY, Appellant.

*Judgment — a modification thereof is not obtainable by order — when an easement in, and not the fee of, a street is conveyed — it may be acquired by eminent domain.*

After a judgment has been entered in an action, deciding that the plaintiff therein is the owner of certain lands within the boundary of an avenue, and that she also possesses an easement therein of access to and from her premises, in front of which a railroad embankment has been constructed, and directing the railroad company, the defendant in the action, to take proceedings to condemn, the court has no power to grant an application to open, amend and correct the judgment so as to show that the plaintiff owned no part of the land within the bounds of the avenue, but only an easement therein.

*Semble,* that a grantee, under a conveyance which bounds the land conveyed upon the exterior line of an avenue, not then existing, but thereafter to be opened, and which contains a covenant that the avenue shall be opened as a street bounding the premises conveyed, and that the grantee, his heirs and assigns, "may enjoy the privilege of using the same as such forever," obtains only an easement in the avenue.

Such easement constitutes a property right, which is subject to proceedings for condemnation *in invitum.*

APPEAL by the defendant, The New York Bay Extension Railroad Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 3d day of May, 1898, denying the defendant's motion to open and correct the judgment entered therein.

*William J. Kelly,* for the appellant.

*M. E. Harby* [*Walter S. Logan* with him on the brief], for the respondent.

HATCH, J.:

The findings and the judgment in this action seem to conclusively settle that the plaintiff is the owner of some land within the boundary of Cedar avenue, and also that she possesses an easement therein, giving a right of access to and from her premises, in front of which the embankment has been constructed and over which the defendant operates its railroad. This right of the plaintiff, in and to this street, the judgment directs the defendant to take proceedings to

condemn.  The application to the court upon this motion was to have the judgment opened, amended and corrected, so as to show that the plaintiff owned no part of the land within the bounds of Cedar avenue, but had only an easement therein.  This motion the court denied, upon the ground of want of power; and in this we think it was correct within the authority cited by it.  (*Heath* v. *N. Y. Building Loan Banking Co.*, 146 N. Y. 260.)  The change of determination that the right of the plaintiff was not a fee but only an easement, would be quite as radical as was the reduction made in the amount of the judgment in the foregoing case.  We agree with the learned counsel for the appellant that the description contained in plaintiff's deed and in the deeds of her predecessors in title, did not convey to her any part of the fee in Cedar avenue.  The conveyance to Ransom, through whom the plaintiff obtained title, bounded the land upon the exterior line of Cedar avenue, not then existing, but thereafter to be opened.  The deed, also, contained a covenant that Cedar avenue should be opened as a street sixty feet wide, bounding the premises conveyed, and the grantee, his heirs and assigns, " may enjoy the privilege of using the same as such forever."  This language seems to show an intent upon the part of the grantor to limit the conveyance to an easement.  The case, therefore, in principle, falls within the decisions in *White's Bank of Buffalo* v. *Nichols* (64 N. Y. 65); *English* v. *Brennan* (60 id. 609); and outside the principle in *Bissell* v. *New York Central R. R. Co.* (23 id. 61); *Matter of Ladue* (118 id. 213).  The judgment, however, is presently conclusive upon this question.  The defendant was not without remedy; it could have appealed from the judgment, and availed itself of this point.  Not having done so, it cannot now be heard to complain.  There seems to rest in the mind of the appellant the idea that it cannot comply with this judgment, as the only property it can describe as belonging to the plaintiff is an easement in the street.  There is little difficulty in describing the land embraced within the street, and whether in fact the plaintiff possesses an easement or a fee, it remains established that she has a property right.  This property right is the subject of proceedings *in invitum*.

It is, however, contended, that if the right be only an easement, the plaintiff has no interest which is the subject of condemnation; that her property right is limited to that of passage and means of

access, which being furnished, is all that can be demanded, even though the same be changed by the change of grade. Upon this subject appellant invokes the rule laid down in *Conklin* v. *N. Y., Ont. & W. Ry. Co.* (102 N. Y. 107), and *Rauenstein* v. *N. Y., L. & W. R. Co.* (136 id. 528). These cases presented the question of the rights of an abutter to an easement in common with the general public. Under such circumstances it was held that a change of grade of a street by a railroad company, acting under a general statute, or by the direction of municipal authority, took from an abutting owner no property right, even though it worked inconvenience to such owner in the use of the street. Such, however, is not the present case. This plaintiff has an easement in the street quite independent of any public right. Indeed, it does not appear that the public has any interest therein. In any event it is secured to plaintiff by a grant, and in this grant the public have no interest. This is a property right of which she may not be deprived, and which she may insist shall remain unimpaired by any authority, public or private. It is indestructible, and she may insist upon the sancity of its preservation to the fullest extent to which she may insist upon any other property right in land. (*Holloway* v. *Southmayd,* 139 N. Y. 390; *Lord* v. *Atkins,* 138 id. 184; *Cunningham* v. *Fitzgerald,* Id. 165.) If, therefore, we assume that the property right rests only in an easement, still, as such easement represents a private property right, it becomes subject to a proceeding for its condemnation. In any view, therefore, the defendant would be required to extinguish this right before it can lawfully enter upon the property.

The order should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.