(39 App. Div. 531.)

### MELDON v. DEVLIN et al.

(Supreme Court, Appellate Division, First Department. April 21, 1899.).

1. JUDGMENT—AMENDMENT AFTER APPEAL.

The special term has no power to correct its judgment in a material particular, after the appeal therefrom has been adjudicated by the appellate court.

2. SAME—ERROR.

It was error to amend a judgment to protect a party in another action, where the adjudication did not affect his rights in the other action.

Appeal from special term, New York county.

Action by Albert Meldon against Mary E. J. Devlin and others. From an order granting a motion of defendant Peter W. Felix to amend the judgment, some of defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Charles M. Demond and Chas. R. Pelgram, for appellants.
Louis O. Van Doren, for respondent.

RUMSEY, J. In the year 1893, Peter W. Felix, the respondent here, made a contract with Jeremiah Devlin, the surviving trustee under the will of Daniel Devlin, to purchase certain property to which Jeremiah Devlin had title, and paid down a certain portion of the purchase price. Some controversy arose between the parties as to the title to the premises, during which Jeremiah Devlin died. It being impossible to settle the controversy amicably, Felix brought an action against the appellants here, as appointees of Jeremiah Devlin, under a power given to him by the will, to compel a specific performance of the contract, with compensation for certain defects in the title to a portion of the premises. Issue was joined in that action, and it was ready for trial. Before it was tried, however, this action was brought, having for its object the settlement of the affairs of the estate of Daniel Devlin, and the determination of the rights of the parties claiming under his will. In this action Felix procured himself to be made a party defendant, and set up the fact that he was a bona fide purchaser, for value, of a certain portion of the premises, the title to which was involved in the action. His appearance in the action was simply for the purpose of preserving any rights he might have under his contract of purchase, and not for the purpose of asking for any adjudication in regard to his rights, as between himself and the defendants, in the action which he had brought for a specific performance. Judgment was entered in this action before the trial of the action which Felix had brought for a specific performance, and that judgment adjudicated upon the rights of those claiming under the will of Daniel Devlin. It was also determined in the judgment that the premises which had been bid off by Felix were subject to his right as a bona fide purchaser of them, and that the amount paid by him, and that which he was to pay under his contract, should stand in the place of the land. The judgment then

gave directions as to the way in which that amount should be disposed of between the parties to the action other than Felix; but it contained no further adjudication in regard to the rights of Felix to the premises which he had bought, and as to which his action against the appellants here was pending for a specific performance. An appeal was taken from that judgment to this court, which resulted in a determination modifying the judgment in regard to some matters not necessary to be considered here, and affirming it as thus modified. After that had taken place, the action of Felix against these appellants, for the specific performance of his contract, came on to be tried. In that action, Felix claimed that he was entitled to a specific performance of the contract, but with a deduction of a portion of the purchase price, because of a deficiency in the amount of land agreed to be sold to him, and because of certain defects in the title. The learned justice before whom the case was tried held that the question whether Felix was entitled to a deduction from the purchase price by reason of these facts was presented to the court in this action, and might have been determined, and that the adjudication in that regard, which did not allow him any such deduction, was a substantial adjudication against his contention in that suit; and for that reason it dismissed his complaint asking for a specific performance, but gave certain relief to the defendants in that action, based upon his conclusion that Felix's rights were disposed of by the judgment in this suit. After that decision was made, but before judgment was entered therein, Felix made this motion, in which he asked that the judgment in this action should be amended by inserting a provision that the adjudication was made without prejudice to his claims in the action in which he was plaintiff and the appellants here were defendants, and especially reserving from the effect of that adjudication all rights which he claimed to an abatement of the purchase price by reason of the defects in the title to the premises which he had bought. The learned justice granted the motion, and directed that there should be inserted in the judgment in this action a clause reserving the rights of Felix, and stating that it was not intended by that judgment to make any adjudication of these rights. From that order this appeal is taken. We do not consider, in the determination of this appeal, the power of the court, upon good cause shown, to correct what is evidently a mere clerical error in the judgment, although the application for that direction may have been made after the judgment had been affirmed by the appellate court, or after the time to appeal had expired. It is not necessary to consider how far such a correction of the judgment is within the power of the court. The question presented here, however, is whether it is within the power of the court at special term to correct a judgment in what may be a material particular, after the appeal from the judgment has been heard and determined, and the adjudication of the appellate court been finally entered. There are, in our judgment, good reasons why no such power should exist; and the recent adjudications, not only of the court of appeals, but of the supreme court, are conclusive against

its existence. Heath v. Banking Co., 146 N. Y. 260, 40 N. E. 770; Ray v. Railroad Co., 34 App. Div. 3, 53 N. Y. Supp. 1052. It was determined by these cases that, after entry of judgment in an equity action, the special term in which the action was tried has no power on motion for a resettlement of findings and conclusions to make amendments therein altering the decision on the merits, and changing the substantial rights of the parties. That conclusion is fatal to the application here made. If there is error in a material matter in the judgment which has been entered at the special term, the only remedy of the party who alleges the error is to move for a rehearing of the case at special term, if an injustice has been done to him because of the failure to make certain proof which it is within his power to make; or, if he claims that the injustice occurred because of an error of the trial court, his sole remedy is to seek a correction of that error by an appeal to this court. After that appeal has been taken, and the judgment has been affirmed by the appellate court, the power of the special term over it is gone. It would not do to permit an alteration of a judgment in a material matter after the time to appeal from it had expired, and especially when the rights of the parties had been settled by a determination of the appellate court. If that practice were allowed, it would be impracticable to know when the rights of parties were settled by an adjudication of the court.

The issues in this action presented by Felix did not, as it seems to us, involve the question presented for determination in the case of Felix against Devlin; and the learned court which decided that case was in error, as it seems to us, in its conclusion that the rights of the parties in that action were determined by this judgment. It was entirely unnecessary, therefore, for the court to grant this motion for the purpose of protecting the interests of Felix in that case, because the adjudication in this action did not affect his interests in those particulars. For this reason, also, we think the order was erroneous, and should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.