(28 Misc. Rep. 730.)

SPOFFORD et al. v. PEARSALL et al.

(Supreme Court, Special Term, New York County. August, 1899.)

DISTRIBUTION OF DECEDENT'S ESTATE—JUDGMENT—PRIORITY OF PAYMENT.
Where a final judgment directs the payment by the trustees of a decedent's estate of certain sums to certain persons, making such payments a charge on a sum on hand and such other sums as may be received in the future, such sum is to be distributed to such persons pro rata, in the absence of other provision in the judgment providing for priority of payment.

Application by Paul N. Spofford and another, individually and as surviving executors and trustees, for instructions as to distribution of a fund under a judgment entered directing the payment of certain sums to certain persons by the trustees.

Shearman & Sterling, for petitioners.
Evarts, Choate & Beaman (Treadwell Cleveland, of counsel), for trustees Spofford and Tracy.
Bowers & Sands, for Adelaide T. Spofford.
Thomas T. Sherman, for executor Joseph L. Spofford.
Jacob Halstead, for Edward C. Spofford.
Stimson & Williams, for estate of E. W. Spofford.
Chas. H. Young, for estate of E. S. Pearsall and others.

McADAM, J. By the 29th article of the final judgment, entered on August 5, 1891, it is provided that any party to the action may at any time apply to the court, at the foot of the judgment, for further directions. Under this provision, Thomas W. Pearsall and Everett P. Wheeler, as trustees under the will of Paul Spofford, apply to the court to make an order deciding what preference, if any, exists in the case of the sums directed to be paid by the 5th, 6th, 7th, 8th, 9th, 10th, 11th, 12th, and 13th articles of said judgment, and what disposition should be made by the petitioners of the sum of $25,000, in their hands, and of such other sums as may be received in the future, and upon which the specific funds referred to in the said articles are made a charge. The court is of opinion, and so instructs said trustees, that none of the sums directed to be paid by any of said articles of said judgment is entitled to preference or priority over any of the others, but all the beneficiaries are to share in proportion, pari passu, and, if any moneys in the hands of said trustees are now distributable, such moneys should be distributed pro rata among the persons entitled thereto according to their distributive shares. Story, Eq. Jur. § 555. If any preference or priority in order of payment had been intended by the court, that important feature would not

have been overlooked, or even left in doubt, but specifically declared in and determined by the decree. This court cannot now make any such change in the decree. Heath v. Banking Co., 146 N. Y. 260, 40 N. E. 770; Ray v. Railroad Co., 34 App. Div. 3, 53 N. Y. Supp. 1052; Meldon v. Devlin, 39 App. Div. 585, 57 N. Y. Supp. 670. These conclusions make it unnecessary to give any instructions as to the $25,000 inquired about in the petition. As to the position taken by counsel for Adelaide T. Spofford, and by those representing the residuary interests, in regard to the provisions of the decree in her favor, a few observations are necessary. Under the compromise agreement made by the guardian of said Adelaide T. Spofford, with the sanction of the court, she was allowed $50,000, instead of $150,000, due to her as of right. This sum was evidently approved of on the supposition that the judgment then directed was to settle every controversy concerning the Spofford estate, that there was ample money of the testator's left to pay according to the decree, and that payment would soon follow. Eight years have passed, and the money is no nearer its destination now than then. The infant has recently arrived at age, and is willing to accept the $50,000, if it is paid before October 15th, and release all claim upon the estate. The persons entitled to the residuary interest have consented to this, the trustees are willing to pay this sum if the court makes an order directing the payment, and the only objecting parties are those represented by Evarts, Choate & Beaman. The court is of opinion that this would be a proper order to make, if the objection thereto is withdrawn. There is certainly force in the point that, if Adelaide T. Spofford is to be compelled to wait longer, and eventually receive, perhaps, a portion only of $50,000, then the act of her guardian in making the compromise at that sum is so manifestly to her detriment that the court might, to protect its former ward, relieve her from the compromise, and leave her interest as it originally was, to wit, $150,000, upon which her pro rata share could not be less than the $50,000 she is now willing to accept. If the parties will consent to such a construction of the decree as will permit to be carried out the fair and equitable arrangement proposed, it will be approved of; otherwise, the application by the petitioners will be granted only to the extent of giving the special instructions applied for by them. Settle order on two days' notice.

Ordered accordingly.