(50 App. Div. 331.)

FELIX v. DEVLIN et al.

(Supreme Court, Appellate Division, First Department. April 20, 1900.)

JUDGMENT—RES JUDICATA—MATTERS CONCLUDED.

> In an action against a trustee for an accounting and sale of lands held in trust, a vendee of part of the land, claiming under a contract of sale executed by the trustee, was permitted to intervene to protect his interest as purchaser. He set up his contract, and the pendency of an action against the trustee to enforce it, and demanded judgment that plaintiff's claim be adjudged subordinate to such contract. The pleadings contained no allegation respecting the terms of the contract, or the matters in dispute in the action to enforce it, which matters were not litigated. The judgment declared intervener a bona fide purchaser of the land described in the contract, with rights superior to the other parties to the action, and directed him to pay the purchase money into court. No other determination was made respecting his rights. *Held*, that the judgment was not res judicata as between the intervener and the trustee in respect to their relative rights under the contract, except as to its validity.

Appeal from special term, New York county.

Action by Peter W. Felix against Daniel C. Devlin and others, as trustees, to compel specific performance of a land contract. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGH-LIN, PATTERSON, and O'BRIEN, JJ.

Louis O. Van Doren, for appellant.
M. E. Haviland and C. M. Demond, for respondents.

RUMSEY, J. On the 17th of May, 1893, Peter W. Felix made a contract with Jeremiah Devlin, as trustee, by which he agreed to buy certain premises for the sum of $23,900. After the contract was made, there arose some dispute between the parties as to the title and quantity of the land, and, as they were unable to agree, Felix brought this action against Devlin's successors to obtain a specific performance of the contract, with compensation for certain defects in the land. The defendants in their answers admitted the making of the contract, and asked for a specific performance of it as it was made. So that the only question presented was whether the defendants were entitled to have the contract performed precisely as it was made, or whether Felix was entitled to the specific performance of the contract, with a diminution of the purchase price by way of compensation for certain defects in the title and a deficiency in the quantity of the land sold. After this suit became at issue, one Meldon, claiming to have an interest in the estate of which Jeremiah Devlin was trustee, brought an action against Devlin and the other persons interested in the estate, to procure an accounting in respect to the fund held by Jeremiah Devlin as trustee, and that certain premises so held, including those included in the contract with Felix, might be sold for the benefit of the plaintiff and all the other persons interested in the estate. After that action was at issue, Felix made an application to the court to be permitted to come in for the purpose of protecting his interest as purchaser of the land. That application was granted, and accordingly a supplemental complaint

was served in that action, in which Meldon set up the fact that Felix had or claimed to have an interest in the particular property which he had agreed to buy, and that upon his application to the court he had been made a party to the action. There was no other allegation in respect to Felix's interest, and no relief was asked against him. Felix answered, setting up his contract, and his action to enforce the specific performance of it, and asked judgment that the claims of the plaintiff be adjudged to be subordinate to whatever rights he had under the contract. Neither in the complaint nor in Felix's answer were there any allegations in respect to the terms of the contract, or the matters in dispute between Felix and the successors of Devlin, nor was there any demand for judgment in respect to those matters. Upon the trial of the Meldon Case it was conceded that the property mentioned in the terms of sale in the Felix contract was property which belonged to the trustee in respect to which the accounting was sought, but that admission was made without prejudice to the claim on behalf of Felix that there was a failure of title to certain portions of the property described, and the court excluded all proof of the defects of the title or of the possession alleged in the complaint, and no such questions were litigated upon the trial. The judgment entered in that action, so far as Felix was concerned, declared that he was a bona fide purchaser for value of part of the property, with a prior and superior equitable title, and with prior equitable rights and interests to the other parties to that action, and it prescribed that the moneys to be paid by him, when paid, should be deposited to the credit of the action, subject to the future order of the court. No further determination was made in respect to his rights. Upon the trial of this action, the judgment roll in the Meldon action was received in evidence, and the learned justice ruled that the questions at issue in this case were within the grasp of the pleadings in that case, and might have been litigated, and for that reason held that the determination in that case operated as a conclusive adjudication upon the rights of Felix, and against his contentions, and therefore dismissed his complaint. Just why it was conclusive against Felix's claims, and should not have been construed as conclusive as against the claims of the defendants, was not stated. To this ruling of the learned court the appellant excepted, and he took his appeal for the purpose of determining its correctness.

The rule by which the extent of an adjudication is to be determined is laid down with admirable clearness in the case of Cromwell v. Sac Co., 94 U. S. 351, 24 L. Ed. 681. In that case there was presented for consideration the distinction between the effect of a judgment as a bar against the prosecution of the second action upon the same claim or demand and its effect as an estoppel in another action between the same parties, but on a different cause of action; and it was held that where the first judgment was rendered in an action between the same parties upon the same demand and cause of action it operated, when rendered upon the merits, as a conclusive adjudication, not only as to every matter which was offered to sustain or defeat the claim, but as to every other matter which might have been proved for those purposes. But, where the second action

between the same parties was upon a different claim or demand, the judgment in the prior action operated as an estoppel only as to those matters in issue upon the determination of which the finding or verdict was rendered. That distinction has been recognized in this state, although never, perhaps, so clearly put as in the case cited. Embury v. Conner, 3 N. Y. 511; Pray v. Hegeman, 98 N. Y. 351; Campbell v. Consalus, 25 N. Y. 613; House v. Lockwood, 137 N. Y. 259, 33 N. E. 595; Reynolds v. Insurance Co., 160 N. Y. 635, 55 N. E. 305.

An examination of the record in the two actions shows, as has been seen, that the action of Meldon was not brought upon the same cause or demand as that brought by Felix. In the Meldon Case a complete and final adjudication could be had and was had, without considering in any way the rights of Felix as against the persons with whom he had contracted to purchase the land. Their relative rights were entirely collateral to any interests which Meldon had in the estate. Felix's claim did not affect Meldon's title in the slightest degree, but an adjudication upon it, when it was made, simply established the amount which Meldon was entitled to receive from the property which Felix had agreed to buy. It is very possible that if Felix had set up and insisted upon a determination of his right to a specific performance of the contract in that action, and had served his answer upon his co-defendants, and the court had seen fit to litigate the question, the determination would have been conclusive as between Felix and those against whom he claimed; but no such adjudication was asked for, no such questions were tried, and it is very clear that the determination of them would not have been germane to the Meldon action, in which the important question was whether or not Meldon had an interest in that estate, and the extent of his interest, as compared with the other defendants. It is quite clear, therefore, that the judgment in that action did not necessarily involve the rights of Felix. It is conceded that those rights were not litigated, and the effect of the adjudication in the Meldon Case is determined by the rule laid down in House v. Lockwood and Reynolds v. Insurance Co., supra. The case of Campbell v. Consalus, 25 N. Y. 613, is quite in point to sustain the conclusion we have reached. A careful examination of this case has led us to the conclusion that the opinion expressed in the case of Meldon v. Devlin, 39 App. Div. 581, 57 N. Y. Supp. 670, was correct, and that the learned trial justice erred in holding that the judgment in the case of Meldon v. Devlin was, in respect to the relative rights of the parties, an adjudication in this action, although it may well have been regarded as a determination that the contract between Felix and Jeremiah Devlin was valid, if that question were disputed, but further than that it certainly did not go.

The determination of the learned trial justice, therefore, was erroneous, and the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.