# Cases

# SECOND DEPARTMENT

IN THE

## APPELLATE DIVISION,

### June, 1904.

In the Matter of the Probate of the Will of ROBERT E. HOPKINS, Deceased.

FANNY W. HOPKINS, Appellant; ROBERT E. HOPKINS, JR., Respondent.

*Surrogate's Court — decision of Court of Appeals reversing a decree admitting a will to probate and directing a trial by jury, — form of the order to be entered on the remittitur — the executor's powers continue only where it is so ordered — power to appoint a temporary administrator — after a verdict sustaining the will the Surrogate's Court should not vacate the order entered on the remittitur and the orders appointing temporary administrators — quære as to taking proof de novo as to the factum of the will in the Surrogate's Court.*

Upon an appeal to the Court of Appeals from an order of the Appellate Division, affirming the decree of a Surrogate's Court admitting an alleged will to probate, the Court of Appeals reversed the order of the Appellate Division and the decree of the Surrogate's Court and remitted the proceedings, directing a trial before a jury in the Supreme Court to determine whether the alleged will had been revoked.

After the decision of the Court of Appeals the widow of the decedent procured the appointment of the Farmers' Loan and Trust Company as temporary administrator of the estate. That corporation having resigned before entering upon the discharge of its duties, the widow herself was thereafter appointed administratrix and duly qualified. Subsequently the issue as to the revocation of the will was tried before a jury and a verdict rendered in favor of the proponent. The widow then made a motion before the surrogate to vacate the order of the Surrogate's Court entered upon the remittitur from the Court of Appeals, the order appointing the Farmers' Loan and Trust Company temporary administrator and the order by which she was appointed temporary administratrix.

*Held,* that the court properly refused to vacate any of the orders;

That the parties who had succeeded upon the appeal to the Court of Appeals were entitled, as a matter of right, to the entry of an order on the remittitur;

That the judgment of the Court of Appeals could not be made the judgment of the Surrogate's Court except in respect to those matters over which the Surrogate's Court originally had jurisdiction, that is, so far as it denied probate pending a further judicial inquiry in the Supreme Court to an instrument which the surrogate had previously admitted to probate;

That the order entered upon the remittitur should consequently not have provided for the reversal of the order of the Appellate Division or for a jury trial of the issue of revocation, but that these provisions of the order entered upon the remittitur might be rejected as surplusage;

That the surrogate had power, after the reversal of the decree admitting the will to probate, and pending the trial of the issue of fact before a jury, to appoint a temporary administratrix of the estate;

That the power of the executor nominated in the will did not continue, after the reversal of the decree, until after the trial of the issue of fact sent to the jury, unless an express order to that effect was made by the surrogate pursuant to section 2582 of the Code of Civil Procedure.

*Quære,* whether, the jury having found that the will had not been revoked, it would be necessary to take proof *de novo* in the Surrogate's Court as to the *factum* of the will before a decree could be entered admitting the will to probate.

REARGUMENT of an appeal by the petitioner, Fanny W. Hopkins, from an order of the Surrogate's Court of the county of Westchester, entered in said Surrogate's Court on the 15th day of June, 1903, denying the petitioner's motion to vacate an order of the Surrogate's Court, entered upon a remittitur from the Court of Appeals, an order of the Surrogate's Court appointing the Farmers' Loan and Trust Company temporary administrator of the estate of Robert E. Hopkins, deceased, and an order of the Surrogate's Court appointing Fanny W. Hopkins temporary administratrix of said estate in place of the Farmers' Loan and Trust Company, resigned.

The decision handed down by the Appellate Division upon the original argument of the appeal in this action is reported in 93 App. Div. 618.

*Andrew J. Shipman* [*Charles Blandy* with him on the brief], for the appellant.

*Joseph W. Middlebrook,* special guardian for the respondent, Robert E. Hopkins, Jr.

WILLARD BARTLETT, J. :

In August, 1901, an instrument propounded as the last will and testament of Robert E. Hopkins, deceased, was admitted to probate by a decree of the Surrogate's Court of Westchester county. In June, 1902, the decree was affirmed by this Appellate Division. (*Matter of Hopkins*, 73 App. Div. 559.) In November of the same year the order of the Appellate Division and the decree of the Surrogate's Court were reversed by the Court of Appeals, and the proceedings were remitted to Westchester county for a trial before a jury in the Supreme Court to determine whether the will in question had been revoked by the testator. (*Matter of Hopkins*, 172 N. Y. 360.) After the reversal by the Court of Appeals Fanny W. Hopkins, the widow of the decedent, applied to the Surrogate's Court for the appointment of a temporary administrator, and the Farmers' Loan and Trust Company was appointed. Before entering upon the discharge of its duties, however, that corporation resigned and Mrs. Hopkins herself was thereafter appointed temporary administratrix in its place and stead, and gave a bond in the penal sum of $2,000,000 for the faithful performance of her duties. Subsequently the issue as to the alleged revocation of the will was tried before a jury in Westchester county and a verdict was rendered in favor of the proponent. The widow then made a motion to vacate the order of the Surrogate's Court, entered upon the remittitur from the Court of Appeals, the order appointing the Farmers' Loan and Trust Company temporary administrator, and finally, the order by which she herself was appointed temporary administratrix in the place of that corporation. From an order refusing to vacate these orders or any of them, the present appeal is taken.

(1) As to the order entered upon the remittitur of the Court of Appeals.

Section 194 of the Code of Civil Procedure provides as follows : "The judgment or order of the Court of Appeals must be remitted to the court below, to be enforced according to law."

The judgment of the Court of Appeals in this case directed that the order of the Appellate Division and the decree of the Surrogate's Court should be reversed and the proceedings remitted to Westchester county for a trial before a jury in the Supreme Court,

to determine whether the will in question was revoked by the testator. It further ordered "that the record aforesaid and the proceedings in this court be remitted to the Surrogate's Court of Westchester county, there to be proceeded upon according to law."

When this remittitur came to the Surrogate's Court it was the duty of the surrogate to cause a decree to be entered in conformity with it, and he was without authority to make any change therein. (*Parish* v. *Parish,* 87 App. Div. 430.) Upon its receipt it would probably have been enough for the surrogate to have limited his order to a declaration making the judgment of the Court of Appeals the judgment of his court. In a strict and accurate sense it could be made the judgment of the Surrogate's Court only so far as it dealt with matters originally within the jurisdiction of the Surrogate's Court to decide; that is, so far as it denied probate pending a further judicial inquiry in the Supreme Court to an instrument which the surrogate had previously admitted to probate. The Surrogate's Court had no power to reverse the order of affirmance of the Appellate Division, as the order entered upon the remittitur in terms assumes to do. A court of first instance cannot reverse the decision of a superior appellate tribunal. The affirmance by the Appellate Division had been reversed and could only be reversed by the Court of Appeals itself. Nor was there any occasion for the surrogate by the order on the remittitur to direct "a new trial of this proceeding (to) be had in the Supreme Court in this county before a jury to determine whether the will in question was revoked by testator." That direction could properly emanate only from an appellate court. (Code Civ. Proc. § 2588; *Matter of Hopkins,* 176 N. Y. 595.) But these matters of surplusage in the order on the remittitur are harmless. They in nowise detract from its efficacy in recognizing and enforcing the decision of the Court of Appeals as to the surrogate's decree; and to such recognition and enforcement the parties who had succeeded upon the appeal were entitled as matter of right. The surrogate, therefore, properly refused to vacate his order upon the remittitur from the Court of Appeals.

(2) As to the order appointing the Farmers' Loan and Trust Company temporary administrator of the estate of the decedent.

Section 2670 of the Code of Civil Procedure authorizes the appointment of a temporary administrator when, "for any cause,

delay necessarily occurs in the granting of letters testamentary or letters of administration, or in probating a will."

This order was made after the order of the Court of Appeals reversing the probate decree and the affirmance thereof by the Appellate Division. Delay was necessarily occurring in probating the will at that time. There could be no probate until and unless a jury in the Supreme Court should determine that the instrument propounded as a will had not been revoked. One of the contingencies expressly contemplated by the statute had happened, and I cannot see why it did not confer jurisdiction upon the surrogate under the section cited. Reliance is placed upon the case of *Thomson* v. *Tracy* (60 N. Y. 174) as authority for the proposition that, notwithstanding the reversal of the surrogate's probate decree, the power of the widow as executrix under her original appointment did not cease until after the determination of the issue of fact sent to the jury. That case, however, was decided under chapter 603 of the Laws of 1871, which, as the learned surrogate pointed out in his opinion, is incorporated to some extent in section 2582 of the Code of Civil Procedure, but with the addition of this significant clause " and in case letters shall have been issued before such appeal the executor or administrator, on a like order of the surrogate, may exercise the powers and authority, subject to the duties, liabilities and exceptions above provided." This seems to contemplate an express order of the surrogate to enable the executors to act pending the appeal. That such must have been the view of the widow's legal advisers is manifest from the fact that she herself made the application for the appointment of a temporary administrator, which resulted first in the selection of the Farmers' Loan and Trust Company, and finally in the issue of letters of temporary administration to herself.

(3) The same considerations apply to the latter order as to the order by which the Farmers' Loan and Trust Company was appointed.

The learned surrogate, in the course of his opinion (*Matter of Hopkins*, 41 Misc. Rep. 83), discusses the effect of the reversal of the original decree of probate by the Court of Appeals, and intimates that before a new decree can be entered, now that the jury has decided that the will was not revoked, formal proof will have to be

taken *de novo* in the Surrogate's Court as to the factum of the will. This question does not necessarily arise upon the present appeal, and we are, therefore, not called upon to decide it.

We have been urged to do so, upon reargument, but remain of the opinion that it ought not to be determined now.

The order appealed from should be affirmed.

All concurred.

Order of the Surrogate's Court of Westchester county affirmed, upon reargument, without costs.