TYPOTHETÆ OF CITY OF NEW YORK v. TYPOGRAPHICAL UNION NO. 6 et al.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

CONTEMPT (§ 81*)—PROCEEDINGS TO PUNISH—APPEAL—MANDATE—POWER OF TRIAL COURT.

Respondents' conviction of contempt having been affirmed on appeal, respondents were permitted by the trial court to purge their contempt, and, on payment of fine, the imprisonment was remitted. Order of Special Term affirmed.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 272; Dec. Dig. § 81.*]

McLaughlin and Clarke, JJ., dissenting.

Appeal from Special Term, New York County.

In the matter of the punishment of Typographical Union No. 6, Patrick H. McCormick, and others for criminal contempt. From an order granting a perpetual stay of sentence, the Typothetæ of the City of New York appeals. Affirmed.

See, also, 117 N. Y. Supp. 144.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and CLARKE, McLAUGH-LIN, SCOTT, and DOWLING, JJ.

Robert C. Beatty, for appellant.
Alfred J. Talley, for respondents.

DOWLING, J. This is a proceeding originally brought to punish the defendants for criminal contempt for the willful violation of an injunction order. After a trial before a referee, the court adjudged certain of the defendants guilty, among them Patrick H. McCormick and Vincent J. Costello, who were directed to pay fines of $250 each and to be imprisoned for 20 days. Appeals to this court and to the Court of Appeals resulted in the affirmance of said order. The remittitur from the Court of Appeals was filed, and the respondents filed a petition with the court for the suspension of the sentence of imprisonment, in which they expressed their regrets for the acts adjudged to have been unlawful, averred their good faith and lack of intention to disobey the law, and asked leave to purge themselves of the contempt of which they had been found guilty. They set forth at length the reasons why the clemency of the court should be extended to them. These appeared so satisfactory that the order appealed from was made by the justice who originally adjudged them in contempt, wherein, upon the payment of their fines, he directed that the issue of process for the imprisonment of the respondents be stayed.

The questions presented here are whether the court had jurisdiction to make the order sought to be reviewed, and, if so, whether its discretion was properly exercised. At the outset it may be said that this is not an attempt to add any new and independent directions to the judgment of the Court of Appeals, nor to take anything away therefrom. That court, as well as this, simply determined that upon the facts presented the respondents had been guilty of criminal contempt. The question of the adequacy or severity of the punishment inflicted was never raised. Now, after a final determination of the issue of whether a contempt was committed, the court which originally made such declaration and which alone had power to punish the offense in the exercise of its discretion declares that the interests of justice will be best served by compelling the payment of the fine alone, and by staying the imposition of the further penalty. It in no way alters the determination that a criminal contempt had been committed. It is well settled that no court can punish a contempt of another court, and that the court whose order or authority is defied alone has power to punish it or to entertain proceedings to that end. Rapalje on Contempts, 15. After an adjudication, one adjudged guilty of contempt will generally be allowed to purge the contempt by performing the act required or undoing or reversing the acts constituting the contempt, or, where the act has caused injury to a party to the suit, by making reparation to the injured party. 9 Cyc. 59; People v. Miller, 9 Misc. Rep. 1, 29 N. Y. Supp. 305; People v. Seaman, 8 Misc. Rep. 152, 29 N. Y. Supp. 329. Even where one is imprisoned for contempt, the court may at any time, in its discretion, either on its motion or upon proper application, inquire into the question of the ability of

the offender to obey the order, and, if satisfied of the inability of the offender to comply, he may be discharged. 9 Cyc. 60; Valentine v. Mandel (Com. Pl.) 11 N. Y. Supp. 718; Ryer v. Ryer, 67 How. Prac. 369. And see Judiciary Law, § 775. This application therefore is, in effect, one to be allowed to purge themselves of their contempt by respondents, and is addressed to the discretion of the court which alone had power to punish for the contempt and to allow its being purged, and whose discretion and authority were in no wise destroyed or abridged by the affirmance upon appeal of its own determination. Having been satisfied that it was proper that the full enforcement of its own mandate should be stayed, and no valid reason appearing why its discretion should not be exercised to that end, the court was within its rights in so ordering.

The order appealed from should be affirmed, with $10 costs and disbursements.

INGRAHAM, P. J., concurs.

SCOTT, J. I concur on the ground that the appellants are not in a legal sense parties aggrieved by the order appealed from.

McLAUGHLIN, J. (dissenting). The court at Special Term, of course, had discretion as to the punishment to be imposed upon the respondents for their willful disobedience of the court's order, but that discretion was exercised when the original order was made declaring them to be in contempt and imposing the fine and imprisonment. They appealed from the order to this court, and it was affirmed, and then they appealed to the Court of Appeals, where the determination of this court was affirmed. After the appeal had been taken and the order affirmed by the Appellate Division and the Court of Appeals, the power of the Special Term over or concerning it was gone. When the remittitur of the Court of Appeals came down, the Special Term could do only one thing, viz., make the judgment of the Court of Appeals the judgment of the Supreme Court, to the end that the order might be "enforced according to law." Section 194, Code Civ. Proc. The Special Term had no discretion. It was bound to obey the directions contained in the remittitur and enforce the order in the manner and to the extent in which it had been affirmed by the Court of Appeals. Matter of P. E. Public School, 86 N. Y. 396; Wilkins v. Earle, 46 N. Y. 358; Matter of Hopkins, 95 App. Div. 57, 87 N. Y. Supp. 793; Zapf v. Carter, 90 App. Div. 407, 86 N. Y. Supp. 175; Parish v. Parish, 87 App. Div. 430, 84 N. Y. Supp. 506; In re Griffin, 98 N. C. 225, 3 S. E. 515. In the case last cited it was expressly held that, after an order fining the defendant for contempt had been affirmed on appeal, the court below had no power to remit the fine.

This must be so if the rights of parties are ever to be settled by an adjudication of the court. Meldon v. Devlin, 39 App. Div. 581, 57 N. Y. Supp. 670. The practice here adopted would practically destroy the efficiency of an Appellate Court. If the Special Term had authority to modify or stay the enforcement of the order in any particular, then it could have remitted both the fine and the imprisonment,

and I do not believe that an order of the court of last resort can be thus nullified or destroyed. The appeals determined that the respondents were not only guilty of contempt, but that the punishment therefor had been properly and legally imposed. It might just as well be claimed that because in an equitable action costs are awarded in the discretion of the court the trial court, after a judgment including costs has been affirmed by the Court of Appeals, can perpetually stay the enforcement of the judgment to the extent of such costs.

This is not a case of civil contempt, and for that reason it seems to me the reasoning in the prevailing opinion, based upon the theory that a party may purge himself of contempt, is unsound. Besides, we have just decided in Schmohl v. Phillips (handed down herewith) 122 N. Y. Supp. 974, that the provisions of section 775 of the judiciary law (Consol. Laws, c. 30) cannot be invoked to prevent imprisonment for contempt, but only to relieve a party in prison. The extent of the punishment, in view of all the facts and circumstances, was fully considered by the Special Term when the original order was made, and, that order having been affirmed by the Court of Appeals, I am of the opinion that the Special Term had no power or authority to stay the enforcement of the order as it was remitted by the Court of Appeals.

For the foregoing reasons, I am unable to concur in the opinion of Mr. Justice DOWLING. I think the order appealed from should be reversed, with $10 costs and disbursements, and the motion to remit the imprisonment denied, with $10 costs.

CLARKE, J., concurs.