WOODWARD, J., concurred; BURR, THOMAS and CARR, JJ., concurred on the last ground stated in the opinion.

Judgment of conviction of the County Court of Kings county reversed and new trial ordered.

---

MARIA A. BIRD, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

Second Department, November 23, 1910.

Deed — description bounding lands on abandoned highway — grantee takes half of highway — acreage inconsistent with description.

Where a grantor owning an abandoned road conveys adjoining lands by a description which on one side bounds them "along said Turnpike Road," the grantee takes one-half of the highway.

This is true although in addition to the description by courses and distances there is a diagram showing the highway and the adjoining lands, but marked with an acreage which does not include the highway, if at the time of the conveyance the premises were unimproved farm land and there is no proof that the grantor or his successor ever asserted any claim to the roadbed.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 17th day of June, 1910, upon the decision of the court rendered after a trial at the Kings County Trial Term, a jury having been waived.

*Hugo Hirsh* [*Archibald R. Watson* with him on the brief], for the appellant.

*Hersey Egginton*, for the respondent.

Judgment affirmed, with costs, upon the opinion of Mr. Justice KELLY. HIRSCHBERG, P. J., WOODWARD, BURR, RICH and CARR, JJ., concurred.

The following is the opinion of Mr. Justice KELLY:

KELLY, J.:

Upon a sale for taxes under the Brooklyn charter (Laws of 1888, chap. 583, tit. 8, § 6) the surplus was deposited with the treasurer of the city of Brooklyn. Subsequently the defendant paid this surplus to one Raymond, who claimed to be the owner of the property. The plaintiff says that she was the owner and sues to recover the surplus so paid. No evidence is introduced to show the title in Raymond to whom the money was paid, the defendant insisting that plaintiff must stand or fall on her own title. The premises were part of the southerly half of the old Brooklyn and Jamaica turnpike. John Ryerson owned the abutting farm land and one-half of the turnpike. The turnpike company conveyed to the Brooklyn and Jamaica Railroad Company, which abandoned the road prior to 1869, the title reverting to the owners of the fee. In 1848 the heirs of John Ryerson conveyed the farm located on the south side of the turnpike road to one Burdett, who is plaintiff's grantor. The deed to Burdett bounded the farm conveyed on the turnpike road, and the northerly boundary ran "along said Turnpike Road," so that under the well-established rule of property the non-usable strip constituting one-half the highway passed to the grantee with the farm. (*Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y. 61; *Matter of Ladue*, 118 id. 213; *Hennessy* v. *Murdock*, 137 id. 317; *Ray* v. *N. Y. Bay Extension R. R. Co.*, 34 App. Div. 3.)

The area of the land conveyed is not stated in the description

itself, but at the end of the description by courses and distances we find the following sentence : " The following is a diagram of the said lands according to a recent survey thereof made by John Rolfe, City Surveyor." Then follows a diagram showing the farm conveyed on the south side of the turnpike, and in the center of the plot we find the words and figures, 12A, 3R, 13P, which, undoubtedly, indicated the area of the farm proper, and which does not include the area of tlte land constituting the south half of the road. The defendant attacks the plaintiff's title, claiming that the presumption from the language of the courses, distances and boundaries in the Ryerson deed is overcome by the diagram, and that the reference to the diagram indicates an intent on the part of the grantors to exclude the south half of the turnpike and to keep it to themselves. In my opinion this claim is not sustainable.

1. The language of the description, which under the authorities cited would carry the bed of the road, does not contain a statement that the area of the land conveyed is limited to the acreage of the main farm or usuable land, as it has been designated in the decisions.

2. The reference to the diagram does not avoid the well-settled principle that the grantor intended to convey, not only the farm itself, but also his ownership in the highway adjacent to the farm. The diagram is a diagram of the farm proper, the land in use by the grantor, the valuable portion of the real estate. There is no reason in the assumption that the heirs of Ryerson, back in 1848, when this was unimproved farm land, intended to sell the farm and yet retain a reversionary interest in the bed of the turnpike. The proof shows that they intended to dispose of the entire property, and there is no suggestion that they at any time claimed or asserted any right or interest in the bed of the turnpike. So far as the confirmatory deed of 1888, from the surviving heirs of Ryerson to plaintiff's grantor and the recitals of the intentions of the original grantors in 1848, are concerned, I exclude it as in any way binding on the defendant, but the fact remains that there is no evidence offered by defendant to show that the Ryersons or any one else ever asserted any claim to the roadbed. The case seems to me to be controlled by the decision of the Court of Appeals in *Van Winkle* v. *Van Winkle* (184 N. Y. 193), where Judge HAIGHT discusses

the effect of a diagram of this kind, holding that it does not destroy the presumption that the fee to the roadbed was conveyed. (See, also, as to the effect of such plans or diagrams, *Micklethwait* v. *Newlay Bridge Co.*, 23 Eng. Rul. Cas. 165 ; *Varick* v. *Smith*, 9 Paige, 547 ; *White's Bank of Buffalo* v. *Nichols*, 64 N. Y. 65.) Judgment for plaintiff.