(41 Misc. Rep. 102.)

### PEOPLE v. OLCESE.

#### (Court of Special Sessions, New York County.   June, 1903.)

1. LIQUOR TAX LAW—VIOLATION—MISDEMEANOR—PENALTY.

On the passage of Laws 1903, p. 277, c. 115, in effect April 2, 1903, the liquor tax in the county of New York was increased to $1,200; but section 34, c. 112, p. 75, Laws 1896, as amended by Laws 1900, p. 849, c. 367, had not been amended, as it subsequently was by Laws 1903, p. 1111, c. 486, to conform the penalty to the increase, and therefore the liquor tax law contained no penalty which could be imposed on a defendant who prior to April 2, 1903, sold lager beer in bottles, to be drunk on the premises, without having first obtained and posted a liquor tax certificate.   *Held*, that the act of the defendant, being a violation of the statute and declared a misdemeanor, was punishable under Pen. Code, § 15, declaring that a person convicted of a crime declared to be a misdemeanor, for which no other punishment is especially prescribed, is punishable by imprisonment in a penitentiary or county jail for not more than a year, or by a fine of not more than $500, or both.

Salvatore Olcese was convicted of violating a liquor law.   Sentence imposed.

Argued before OLMSTED, WYATT, and MAYER, JJ.

Chas. H. Studin, Asst. Dist. Atty., for the People.

Frank A. K. Boland, for defendant.

OLMSTED, J.   The defendant was convicted on the 19th day of May, 1903, of selling a bottle of lager beer on the 31st day of March, 1903, at No. 524 Broome street, in the county of New York, to be drunk on said premises, said defendant not having duly ob-

tained and posted a liquor tax certificate required by chapter 112, p. 45, of the Laws of 1896, as amended. At the time of the commission of the offense of which the defendant was convicted, chapter 112, p. 45, of the Laws of 1896, as amended and in force at that time, provided that the punishment for this crime should be "a fine of not less than two hundred dollars nor more than one thousand dollars, provided such fine shall equal at least the amount of the tax for one year, imposed by this act upon the kind of traffic in liquors carried on, where carried on, or which would be so imposed if such traffic were lawful, and may also be imprisoned in a county jail or penitentiary for the term of not more than one year." On April 2, 1903, chapter 115, p. 277, of the Laws of 1903 became a law. It increased the amount of the liquor tax required to be paid by the various communities of the state. This increase raised the liquor tax in the county of New York from $800 to $1,200, when the traffic was in liquor to be drunk on the premises. At the time chapter 115, p. 277, of the Laws of 1903 became a law, there was pending before the Governor a measure which had passed the Legislature, but which had not yet been signed, by virtue of which, among other things, section 34 of the liquor tax law was amended so as to provide, in effect, that in this county the penalty for the sale of liquor without a liquor tax certificate, as charged herein, was a fine of not less than $600 nor more than $1,200,. and, in the discretion of the court, imprisonment. This measure did not become a law until May 8, 1903, and is known as "Chapter 486 of the Laws of 1903." Under this last-mentioned law (chapter 486, p. 1111, of the Laws of 1903) no saving clause was enacted, whereby the penalties provided for by the law as it existed prior to chapter 115 of the Laws of 1903 could still be enforced against any defendants who might thereafter (that is to say, after April 2, 1903) be convicted. The situation upon the passage of chapter 115, p. 277, of the Laws of· 1903 was that, while the liquor tax had been increased to $1,200 in this county, section 34 was not amended so as to conform the penalty to such increase, so that the statute read, in effect, that the fine for the selling of liquor without a liquor tax certificate was not less than $200 nor more than $1,000, provided, however, that it must be $1,200. Thus there was provided a statute, which in so far as it related to the fine penalty, was on its face not enforceable; and, there being no saving clause, there is not to be found in either chapter 115 or chapter 486 of the Laws of 1903 any specific penalty which can be imposed upon a defendant convicted at a date later than April 2, 1903, whether the selling without a liquor tax certificate had taken place prior to April 2, 1903, or after that date. In other words, so far as the statute itself was concerned, it did not fix by its own terms a penalty until the amended law (chapter 486, p. 1111, of the Laws of 1903) went into effect on May 8, 1903. No penalty, therefore, can be imposed upon this defendant, unless authority can be found in some other provision of law.

It must be remembered that while a specific penalty was not fixed, as above described, these various statutes nevertheless defined the crime of selling liquor without a liquor tax certificate as a misdemeanor. It is a part of the general scheme of the Penal Code to pro-

vide against just such a situation. The Legislature has enacted statute law to carry out the common-law principle that where there is a wrong there is a remedy. In line with this general legislative intent is section 155 of the Penal Code, which provides that where the performance of any act is prohibited by a statute, and no penalty for the violation of such statute is imposed in any statute, the doing of such act is a misdemeanor. So, too, section 706 of the Penal Code, which provides that, "where in this Code or any other statute making any crime punishable by fine, the amount of the fine is not specified, a fine of not more than $500 may be imposed." Section 15 of the Penal Code (also a part of this general scheme) must therefore be invoked in determining the penalty to be imposed upon the defendant. That section provides as follows:

"Punishment of Misdemeanors When not Fixed by Statute. A person convicted of a crime, declared to be a misdemeanor, for which no other punishment is specially prescribed by this Code, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both."

It will be noted that section 15 is broad in its scope, and is not confined to those misdemeanors for which no other punishment is specially prescribed by the Penal Code, but extends to those cases where no punishment is provided by any other (that is to say, other than the Penal Code) statutory provision in force at the time of the conviction and sentence. At the time of the conviction of this defendant the situation was precisely as contemplated by section 15 of the Penal Code. While the crime had been defined as a misdemeanor, there was no enforceable penalty under any other statutory provision. It follows, therefore, that the penalty to be imposed is that prescribed by section 15 of the Penal Code, to wit, imprisonment in a penitentiary or county jail for not more than one year, or a fine of not more than $500, or both. Foote v. People, 56 N. Y. 321.

For the reasons above stated, the sentence of the court is that the defendant be fined the sum of $25, and in default of payment thereof to stand committed to the city prison of the city of New York for the term of 10 days. All concur.