THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANNA SCHERMERHORN, Appellant.

(County Court, Ulster County, April, 1908.)

Disorderly conduct — Sentence and punishment of disorderly persons — Under charter of city of Kingston.

A defendant convicted as a disorderly person by the recorder of the city of Kingston, under section 51 of the city charter, which contains no provision for the punishment of prohibited acts, may not lawfully be sentenced to the county jail for a term of five months.

THE appellant was found by the recorder of the city of Kingston, after a hearing, to be a " disorderly person " and sentenced to imprisonment in the Ulster County Jail for the term of five months. From that judgment this appeal was taken.

C. & R. Irwin, for appellant.

William D. Cunningham, district-attorney, and Frederick G. Traver, for respondent.

CANTINE, J. This appeal involves a conviction as a disorderly person under section 51 of the charter of the city of Kingston. Proceedings taken against disorderly persons are known as special proceedings of a criminal nature and are governed by title 7, part 6 of the Criminal Code. The magistrate before whom the proceedings are held acts as a magistrate and not as a court of special sessions. The defendant has not the right to a jury trial; and, as the offense charged is not a crime, the defendant has not the right to have his case removed pursuant to sections 56, 57 and 58 of the Code of Criminal Procedure, to be heard before a grand jury. People ex rel. Van Houton v. Sadler, 97 N. Y. 146; People ex rel. Forster v. Warden, 39 Misc. 700; People v. Iverson, 46 App. Div. 301.

The magistrate, upon finding the defendant to be a disorderly person, requires the person so charged to give security; and, upon compliance with such order, the defendant is discharged.

Upon failure to give the security, the magistrate is required to commit the defendant to the county jail for a term not exceeding six months and until the security is given.

At the next term of the County Court, the sheriff is required to report the names of the disorderly persons confined in the jail, and the court is required to examine into the facts of each case. Upon such examination the court has the power to discharge the defendant, or to recommit.

The charter of the city of Kingston has enlarged the class of persons defined as disorderly by section 899 of the Code of Criminal Procedure, and provides that " they may be

proceeded against as such under the provisions of the Code of Criminal Procedure," and "punished according to the provisions of this act," viz.: "as for misdemeanor."

This brings us to the question involved upon this appeal, viz., upon conviction as a disorderly person, does the charter provide any punishment? The only language of the charter as to punishment is, "upon conviction shall be punished as for misdemeanor."

*First.* The framers of the charter must have had in mind section 15 of the Penal Code: "A person convicted of a crime declared to be a misdemeanor, for which no other punishment is specially prescribed by this Code, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both." Had the language of the charter either declared the prohibited acts to be misdemeanors or defined the punishment to be that provided by section 15 of the Penal Code, there would have been no doubt as to the meaning of the language used. But the language used in the charter cannot admit of that interpretation. "Misdemeanor," as used in the charter, includes the whole class of crimes bearing that name. There is no word to identify the misdemeanor, or the class of misdemeanors, to which we are to turn to find the punishment for disorderly persons.

*Second.* The limit of punishment named in the Penal Code for misdemeanors is uncertain, depending upon the varying limits of punishment for different misdemeanors. The charter does not, directly or by inference, as before shown, name the misdemeanor, the punishment for which is to be the punishment upon the conviction of disorderly persons. If the limit of punishment is the same for all misdemeanors, then the charter provisions are certain and name a punishment; on the other hand, if the limit of punishment for all misdemeanors is not the same, then the limit of punishment is uncertain and indefinite.

A very cursory examination of the provisions of the Penal Code shows that the punishments for misdemeanors are as

various as the crimes are numerous. Some misdemeanors are punishable by a fine alone (Penal Code, §§ 269, 384, 384-i, 654-a), the maximum amount of which varies from $10 to $250. Other misdemeanors are punishable by imprisonment alone. Penal Code, § 158. Other misdemeanors are punishable by fine, or imprisonment, or both; the maximum imprisonment in some cases is one year, and in others twenty days; the maximum fine in some cases is $1,000, and in other cases $25. Penal Code, §§ 15, 317, 652a. The maximum punishment is also dependent upon the court where the crimes are prosecuted; if in special sessions, the maximum is a fine of $50 or imprisonment not exceeding six months, or both (Crim. Code, § 717); if in courts of record, the maximum is a fine of $500, or imprisonment not exceeding one year, or both. Penal Code, § 15.

The conclusion follows that the charter contains no provision for the punishment of the prohibited acts, and in that respect is nugatory; there was no authority in the recorder to sentence the defendant to imprisonment in the Ulster county jail for the term of five months, and the judgment is, therefore, reversed.

Judgment reversed.                                    ○

---

EMMA HILBRING, Judgment Creditor, Respondent, v. ANNA WISANSKY and BENJAMIN WISANSKY, Judgment Debtors, Appellants.

(Supreme Court, Appellate Term, May, 1908.)

Supplementary proceedings — Disobedience to order or subpœna as contempt — Jurisdiction — Order for examination by City·Court of New York — Affidavits failing to show jurisdiction of Municipal Court to render judgment.

An order of the City Court of the city of New York for the examination of defendants in supplementary proceedings, instituted upon a judgment of the Municipal Court of the city of New York, is a nullity where the affidavits upon which it was granted failed