(60 Misc. Rep. 269.)

### In re O'HARE.

(Surrogate's Court, Albany County. July, 1908.)

1. EXECUTORS AND ADMINISTRATORS (§ 18*)—DISQUALIFICATION.
    That a husband was convicted of a misdemeanor and fined $50 did not make him incompetent to administer on the estate of his deceased wife, under Code Civ. Proc. § 2661, providing that letters of administration shall not be granted to a person convicted of an infamous crime.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 77; Dec. Dig. § 18.*]

2. EXECUTORS AND ADMINISTRATORS (§ 32*)—REVOCATION OF LETTERS.
    Letters of administration, issued to the father of decedent, will be revoked on application of the husband of decedent, on failure of evidence to show his disqualification.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 195; Dec. Dig. § 32.*]

In the matter of the application of Franklyn O'Hare for revocation of letters of administration issued to William Jardine on the estate of Emma O'Hare, deceased. Revocation ordered.

Casey & Quinn, for petitioner.

Jacob L. TenEyck, for respondent Jardine.

VANDERZEE, S. Letters of administration upon the estate of the above-named decedent were granted, without citation, by this court, April 30, 1908, to William Jardine, the father, upon a petition which stated that decedent left no husband, but left her surviving her father, three brothers, and three sisters. The petitioner herein alleges and has proven that the said Emma O'Hare was his wife at the time of her decease, and asks for a decree revoking the letters of administration heretofore awarded to William Jardine, upon the ground that said letters were obtained by a false suggestion of a material fact, and prays that letters of administration upon the estate of the deceased be granted to him. The administrator was brought into court by an order to show cause, and appeared herein by counsel, who filed an answer to the petition, alleging Franklyn O'Hare had, during the lifetime of the decedent, forfeited and waived his right to her property and also his right to administration upon her estate by reason of cruel and inhuman treatment and driving her away from his home, that by the execution of a separation agreement he had released his right to any distributive share of her estate, and that said Franklyn O'Hare was incompetent by reason of having been convicted of an infamous crime.

I did not admit in evidence the testimony intended to show the alleged cruel and inhuman treatment of the wife, or of his abandonment

of her. Whether the husband has lost his right to participate in the distribution of her estate is not necessary now to determine. We are now concerned only with the right to administration upon the estate of the decedent. The statute determines the order of priority in cases of administration. The person first entitled is the surviving husband or wife. Code Civ. Proc. § 2660. The petitioner, being the husband, is legally entitled to appointment, if qualified to act, and his rights cannot be defeated unless it is made to appear that he has renounced or is disqualified for cause constituting a statutory disqualification. The nature of such disqualification is defined in section 2661 of the Code, wherein it is declared:

"Letters of administration shall not be granted to a person convicted of an infamous crime, nor to any one incapable by law of making a contract, nor to a person not a citizen of the United States, unless he is a resident of the state, nor to a person under twenty-one years of age, or who is adjudged incompetent by the surrogate to execute the duties of such trust by reason of drunkenness, improvidence or want of understanding."

The petitioner, Franklyn O'Hare, was tried and convicted by a Court of Special Sessions in the county of Albany for a violation of section 665 of the Penal Code and was fined $50, which he paid. The crime of which he was convicted is, by section 15 of the Penal Code, punishable as a misdemeanor by imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than $500, or both. The precise inquiry, then is, whether O'Hare is shown to be legally incompetent to receive letters of administration by reason of having been convicted of the crime above mentioned.

The significance of the term "infamous crime" was for many years defined by statute, which declared that, "wherever the term 'infamous crime' is used in any statute, it shall be construed as including every offense punishable with death, or by imprisonment in a state prison, and no other." Rev. St. (1st Ed.) pt. 4, c. 1, tit. 7, § 31. The repeal by chapter 593, p. 828, of the Laws of 1886 of this section of the Revised Statutes has left us without a definition of this important term. Counsel have submitted voluminous and learned briefs upon the common-law significance of infamy and infamous crimes, and have cited many cases in the federal and state courts and of the English courts. These cases were interesting then, because a person convicted of an infamous crime was excluded from becoming a witness. That rule is now abrogated by statute. Code Civ. Proc. § 832. We are left, therefore, without any statutory definition of the term "infamous crime," and, so far as I have been able to ascertain after careful research, any judicial interpretation in connection with this section of the Code.

It would seem that the statute (section 2661) contemplates conviction of some crime of a serious nature. Were not that so, it would have left out the word "infamous" and would have provided that a person who had been convicted of a crime should be disqualified from being appointed administrator. It seems to me that section 6, art. 1, of the Constitution of this state, which declares, "No person shall be held to answer for a capital or otherwise infamous crime * * *

unless on presentment or indictment by a grand jury," etc., gives us the distinction between infamous and other crimes. By necessary implication, an infamous crime is there defined as being of the grade where presentment or indictment must be found by a grand jury before conviction. The Court of Special Sessions before which the petitioner was convicted had exclusive jurisdiction in the first instance to hear and determine the misdemeanor of which the petitioner was convicted. It would be giving a strained and extreme construction to the statute to hold that offenses of this character must be included and classified with felonies.

I am satisfied that the objection urged against the petitioner as to his having been convicted of an infamous crime is not proven within the legal meaning and construction of the statute; nor has the respondent furnished sufficient proof as to the other grounds of disqualification set forth in section 2661, and his objections are therefore overruled.

A decree revoking the letters heretofore granted to William Jardine may be entered, and an order entered directing that letters issue to Franklyn O'Hare, upon his filing a bond prescribed by law.

Decreed accordingly.