PEOPLE ex rel. COSGRIFF v. CRAIG, Sheriff of Monroe County.

(Supreme Court, Appellate Division, Fourth Department. January 20, 1909.)

1 CRIMINAL LAW (§ 1208*)—OFFENSES—FELONY—MISDEMEANOR.
  The felonies and misdemeanors referred to in Pen. Code, §§ 14, 15, declaring that a felony for which no other punishment is specifically prescribed is punishable by imprisonment for not more than seven years, or a fine of $1,000, or both, and that a misdemeanor for which no other punishment is specifically prescribed is punishable by imprisonment in a penitentiary or county jail for not more than one year or by a fine of $500, or both, are those specifically designated felonies or misdemeanors.
  [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3282; Dec. Dig. § 1208.*]

2. LARCENY (§ 88*)—"PETIT LARCENY"—PUNISHMENT.
  Under Pen. Code, § 15, providing that a misdemeanor for which no other punishment is specifically prescribed is punishable by imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than $500, or both, and section 532, defining every larceny not grand larceny in the first or second degrees as petit larceny, and section 535, declaring that petit larceny is a misdemeanor, petit larceny, is, in the absence of any special provision, punishable by imprisonment in the county jail or penitentiary for a term not exceeding one year, or by a fine not exceeding $500, or by both.
  [Ed. Note.—For other cases, see Larceny, Cent. Dig. § 214; Dec. Dig. § 88.*
  For other definitions, see Words and Phrases, vol. 6, p. 5368.]

3. CRIMINAL LAW (§ 27*)—PETIT LARCENY—SECOND OFFENSE—NATURE OF OFFENSE—"FELONY"—"MISDEMEANOR."
  Pen. Code, §§ 4, 5, 6, define a felony as a crime punishable by death or imprisonment in a state prison, and a misdemeanor as any other crime. Section 15 provides that a misdemeanor for which no other punishment is specifically prescribed is punishable by imprisonment in a penitentiary or county jail for not more than one year, or by a fine or both. Section 535 declares that petit larceny is a misdemeanor. Section 688 provides

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that punishment for petit larceny, second offense, shall be imprisonment not less than the longest nor more than twice the longest term possible on a first conviction. *Held*, that petit larceny, second offense, is merely a misdemeanor, and not a felony.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 29–31; Dec. Dig. § 27.*

For other definitions, see Words and Phrases, vol. 3, pp. 2736–2744; vol. 8, p. 7662; vol. 6, pp. 4533, 4534; vol. 8, p. 7722.]

4. CRIMINAL LAW (§ 1211*)—PETIT LARCENY—SECOND OFFENSE—NATURE OF OFFENSE.

Pen. Code, § 688, provides that for petit larceny, second offense, the punishment shall be not less than the longest term (one year) nor more than twice the longest term prescribed for a first conviction. Sections 702, 703, and 704 provide that, where the term of imprisonment is for more than a year, the imprisonment must be in a state prison, etc., except when otherwise specifically provided. Prison Law (Birdseye's Rev. St. [3d Ed.] p. 2760) § 194, provides that, where an offense is punishable by imprisonment in a state prison for a term of five years or less, the imprisonment may be in the penitentiary in the discretion of the court. Rochester City Charter, § 476, gives the police court power to impose imprisonment not exceeding a year for a misdemeanor, except where a different punishment is by law prescribed. Section 473 authorizes the removal of a charge of misdemeanor to a court sitting with a grand jury as provided by Code Cr. Proc. § 57. *Held*, that petit larceny, second offense, though constituting a misdemeanor only, may be punished as provided by section 688, since the police court, if not having jurisdiction to impose the adequate punishment, may transfer the cause to a court having a grand jury.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1211.*]

McLennan, P. J., and Williams, J., dissenting.

Appeal from Trial Term, Monroe County.

Habeas corpus by the People, on the relation of Fred Cosgriff, against William H. Craig, as sheriff of Monroe county. From an order of the Trial Term (60 Misc. Rep. 529, 112 N. Y. Supp. 781), sustaining the writ and discharging relator, the district attorney of Monroe county appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Howard H. Widener, Dist. Atty., and Charles B. Bechtold, Asst. Dist. Atty., for appellant.

George S. Van Schaick, for respondent.

KRUSE, J. The police justice of the city of Rochester held the relator upon the charge of petit larceny committed in that city, and charged as a second offense. Instead of trying him, the police justice committed him to the custody of the sheriff of Monroe county, to await the action of the grand jury. The learned justice before whom the relator was brought on a writ of habeas corpus held that the offense of petit larceny, although charged as a second offense, was a misdemeanor, and that since the charter of the city conferred upon the police court exclusive jurisdiction in the first instance to try and determine all offenses of which courts of special sessions have exclusive jurisdiction, when committed within the city, "and also has ex-

clusive jurisdiction in the first instance to try for any other misdemeanor committed in the city any person who is brought before said court charged with such offense" (Rochester City Charter, § 468), the duty devolved upon that court to try the accused upon such charge.

The learned district attorney challenges the correctness of the holding that petit larceny charged as a second offense is a misdemeanor. Some criminal offenses are specifically designated as felonies and some as misdemeanors. Others are classified generally. Under the general classification felonies are such crimes as are or may be punishable by either death or imprisonment in a state prison. Any other is a misdemeanor. Pen. Code, §§ 4, 5, 6. Where the punishment inflicted is imprisonment for a term of less than a year, the imprisonment must be in the county jail, except when otherwise specially prescribed by statute. Pen. Code, § 702. Where the term of imprisonment is for a year, the imprisonment may be either in a county jail, a penitentiary, or state prison; but no person shall be sentenced to imprisonment in a state prison for less than a year. Pen. Code, § 703. Where the imprisonment is for a term exceeding one year, the confinement must be in a state prison (Pen. Code, § 704); but it is expressly provided in the last section that sections 702 and 703 shall not apply to a case where special provision is made by statute as to the punishment for any particular offense or class of offenses or offenders, and specifically excepts certain classes, such as minors, female convicts, and others which need not be here named. A felony for which no other punishment is specially prescribed is punishable by imprisonment for not more than seven years, or a fine of not more than $1,000, or by both. A misdemeanor for which no other punishment is specially prescribed is punishable by imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than $500, or by both. Pen. Code, §§ 14, 15.

The felonies and misdemeanors referred to in sections 14 and 15 must necessarily be such as are specifically so designated and declared. Every larceny not grand larceny in the first or second degree is petit larceny (Pen. Code, § 532), and petit larceny is expressly declared to be a misdemeanor (Pen. Code, § 535). In the absence of any special provision, it is therefore punishable by imprisonment in the county jail or penitentiary for a term not exceeding one year, or by a fine not exceeding $500, or by both. Section 688, Pen. Code, however, provides that a person who after having been convicted in this state of a felony or an attempt to commit a felony, or a petit larceny, or under the laws of any other state, government, or country of a crime which, if committed within this state would be a felony, commits any crime within this state, is punishable upon conviction of such second offense by imprisonment for life in a state prison, if the subsequent crime is such that upon a first conviction the offender might be punished by imprisonment for that time. As regards other offenses punishable by imprisonment upon first conviction for any term less than that, the person must be sentenced for not less than the longest term nor more than twice the longest term prescribed upon first conviction. So that a person convicted of petit larceny charged as a second offense

may be imprisoned for a term of two years. It is therefore argued by the district attorney that such an offense is a felony. That would seem to follow were it not for the express provision of the Penal Code declaring petit larceny to be a misdemeanor, and other provisions contained in that Code to which attention will be presently called. As has been seen, the general classification of crimes as felonies and misdemeanors according to the place of imprisonment does not apply to a crime which is specifically declared to be a felony or a misdemeanor, and so can have no application to petit larceny. The mere fact that petit larceny charged as a second offense is punishable more severely than the first offense does not, as it seems to me, change the character of the crime so as to make it a felony in the face of the declaration of the Penal Code declaring every larceny not grand larceny in the first or second degree petit larceny and a misdemeanor.

It is true that under the Revised Statutes petit larceny charged as a second offense was a felony, but that was because it was expressly made a felony and punishable by imprisonment in a state prison, and a like provision was contained in the original draft of the Penal Code submitted in 1864. Section 688 of the Penal Code, as finally enacted by the Legislature, contains in substance section 750 of the Penal Code as reported by the commissioners, except that subdivision 3 of the original draft, which provided that a subsequent conviction for petit larceny should be punishable in a state prison for a term not exceeding five years, is omitted, and the provisions of the Revised Statutes in that regard were repealed by the Penal Code and not re-enacted therein. In thus amending the statute, and expressly declaring all larceny not grand larceny misdemeanors, the legislative intent seems reasonably clear to make the crime of petit larceny, although charged as a second offense, a misdemeanor. Assuming that petit larceny charged as a second offense, if a misdemeanor, is not punishable by imprisonment in a state prison, as seems to be contended by the district attorney and conceded by the attorney for the relator, it does not follow that the provision of section 688 of the Penal Code imposing a double penalty for a second offense will become ineffective in a case like this. Section 194 of the prison law (Birdseye's Rev. St. [3d Ed] p. 2760) provides that, if the offense is punishable with imprisonment in a state prison for a term of five years or less, the imprisonment may be in the penitentiary in the discretion of the court in certain of the judicial departments of this state, including this department; in this case in the Monroe County Penitentiary (Rochester City Charter, § 477).

The police court seems to have full power to impose the adequate punishment. Rochester City Charter, § 476. The limitation upon the power of that court to impose imprisonment not exceeding a year for a misdemeanor is subject to the qualification, "except where a different punishment is by law prescribed for such offense." And, besides, the matter may be removed before the grand jury as provided by section 57 of the Code of Criminal Procedure. Rochester City Charter, § 473. There may be little, if any, difference in punishment whether the imprisonment is in a state prison or in the penitentiary; but the consequences following a conviction of felony are much more serious than a conviction for a misdemeanor, such, for instance, as the

loss of political rights. If petit larceny charged as a second offense is a felony, then every misdemeanor punishable by imprisonment for a year, even if expressly declared to be a misdemeanor, committed after a conviction for petit larceny, becomes a felony, since the punishment may then be double, and that will include offenses against mere police regulations such as unlicensed peddling (Pen. Code, § 384e) and many others which need not be named.

We think the order should be affirmed. All concur, except Mc-LENNAN, P. J., and WILLIAMS, J., who dissent.

WILLIAMS, J. (dissenting). The order should be reversed and the writ dismissed, and the relator remitted to the custody of the sheriff

The relator was charged with petit larceny as a second offense. The police court of the city of Rochester held that it had no jurisdiction to try a person for that offense, and committed relator to await the action of the grand jury. The order appealed from was based upon the proposition that the police court had the exclusive jurisdiction to try relator for the offense charged, and had no right to commit him to await the action of the grand jury. This we regard as erroneous. Petit larceny is denominated a misdemeanor by section 535 of the Penal Code, and is punishable as such by imprisonment in a penitentiary or county jail not more than one year, or fine not to exceed $500, or by both. Section 15, Pen. Code. Petit larceny as a second offense is punishable by imprisonment not less than one or more than two years. Section 688, Pen. Code. Where the imprisonment for a crime is for a term of more than one year, it must be inflicted by confinement at hard labor in a state prison, except where special provision is made by statute as to the punishment for any particular offenses, and except as to females, minors, persons between 16 and 30 who may be sent to the Elmira Reformatory, children under 12 years of age who may be sent to the House of Refuge, State Industrial School, or New York Training School for girls. Section 701, Pen. Code. A felony is a crime which may be punishable by death or imprisonment in a state prison. Section 5, Pen. Code. Any other crime is a misdemeanor. Section 6, Pen. Code. Under these definitions, petit larceny, second offense, is a felony. It is not denominated a misdemeanor anywhere in the Penal Code. Crimes not cognizable by courts of special sessions or police courts must be prosecuted by indictment. Section 4, Code Cr. Proc. Courts of special sessions throughout the state have exclusive jurisdiction of petit larceny charged as a first offense but not charged as a second offense. Section 56, Code Cr. Proc. Police courts have only such jurisdiction as is specially conferred upon them by statute. Section 74, Code Cr. Proc. The police court of the city of Rochester has exclusive jurisdiction of all crimes of which courts of special sessions have cognizance under section 56, Code Cr. Proc., and also of any other misdemeanor (Rochester City Charter, § 468; chapter 755, p. 2218, Laws 1907), and has power to impose a sentence of imprisonment not exceeding one year, and a fine not exceeding $500, upon conviction for a misdemeanor, except where a different punishment is by law prescribed for such offense (Section 476).

It seems to us apparent that under these provisions of the charter the police court has no jurisdiction to try or sentence a person for the crime of petit larceny as a second offense. It is claimed the court has such jurisdiction because it is given jurisdiction of any misdemeanor, but this crime is not a misdemeanor. It is a felony, as we have seen, by the express definition of felony and misdemeanor given in the Penal Code, and we think the Legislature had this definition in contemplation in the provision giving this court jurisdiction of any misdemeanor. It is said petit larceny, whether charged as a first or second offense, is the same crime, denominated in the Penal Code a misdemeanor, and that the difference in the crime, whether alleged as a first or a second offense affects the punishment alone, and does not change the nature of the offense as a misdemeanor. It seems to us that this is a forced and unnatural construction of the provision of the charter referred to. The power is only given this court to impose a sentence of imprisonment not exceeding one year for a misdemeanor, except where a different punishment is by law prescribed for such offense, and it seems to be claimed that under this exception this court can impose a sentence for two years. We cannot believe the Legislature intended to give this court any such power. We do not understand the court is given power to impose a sentence for any term of confinement in a state prison. It could only sentence to a penitentiary in any event, and, if this be so, then there would be one place of imprisonment for the crime in the city of Rochester and another in the counties throughout the state, because in the latter counties the confinement would have to be in a state prison. We see no occasion for the construction of the charter of Rochester contended for, and made the basis of the order appealed from. It has heretofore been supposed persons charged with this crime had to be prosecuted by indictment in the higher courts. This procedure has been adopted in Rochester.

This is a new departure, and we think an unfortunate one. It requires parties to be tried without indictment for a crime for which the punishment is, or may be, confinement in a state prison for two years, and this should not be so.

We think the order appealed from is erroneous, and should be reversed.

McLENNAN, P. J., concurs.