COUNTY COURT—HERKIMER COUNTY,

July, 1913.

## THE PEOPLE v. GEORGE R. LUNN.

(81 Misc. 476.)

DISORDERLY PERSONS *—CHARTER OF LITTLE FALLS, SEC. 145.

The charter of the city of Little Falls contains no provision for the punishment of the acts enumerated in section 145 thereof, and where defendant was convicted as a disorderly person for a violation of said ·section and sentenced by the recorder to pay a fine of fifty dollars and stand committed to the county jail until the same was paid, not exceeding one day for each dollar of the fine, the judgment of conviction will be reversed as illegal.

APPEAL from a judgment convicting defendant of a violation of section 145 of the charter of the city of Little Falls.

*Richard Hurley, Frank Cooper* and *James J. Barry*, for appellant.

*William É. Farrell,* district attorney, *S. H. Newberry,* city attorney, and *James H. Greene,* for respondent.

BELL, J.:

This is an appeal from a judgment convicting the defendant of a violation of section 145 of the charter of the city of Little Falls, and the sentence imposed by the recorder on November 15, 1912.

Defendant was charged with a wilful violation of section 145 of the charter of the city of Little Falls, N. Y., committed in said city on the 15th day of October, 1912, " in that, he did then and there publicly and in a public place alone and with

* See Note, Vol. 14, page 412.

others, not using the public ways of said city to pass, loiter about, standing and obstructing and occupying a park and public place in front of premises not owned or occupied by him and was without any right obstructing the public park to the annoyance and impediment of persons passing and repassing and did refuse after direction of an officer to pass along and disperse from said place " and after a trial was found guilty as charged, and sentenced to pay a fine of fifty dollars and stand committed to the Herkimer county jail until the same was paid, not exceeding one day for each dollar thereof.

There was a strike on in the city of Little Falls by a large number of the textile mill employees at the time of the alleged offense.

My inclination would be to affirm the judgment appealed from, for it seems to me that it was very unbecoming for this defendant, mayor of the city of Schenectady, to go, incognito or otherwise, to the sister city of Little Falls which then had all the trouble its mayor and officers could attend to and attempt to do something that would increase their trouble.

Section 145 of the charter of the city of Little Falls (Laws of 1895, chap. 565) is as follows:

" Section 145.   Disorderly persons.—In addition to the persons described in section eight hundred and ninety-nine of the code of criminal procedure, the following persons within the city of Little Falls shall be deemed disorderly persons, and may be proceeded against as such under the provisions of the code of criminal procedure, and punished according to the provisions of this act."   Then follows an enumeration of the persons included, followed by the concluding paragraph of the section as follows:   " Every person found guilty of being a disorderly person as aforesaid, and every person guilty of any act or acts making such person a disorderly person as herein declared, on conviction thereof, shall be punished as for misdemeanor."

The conviction of defendant was for being a disorderly person, not for a misdemeanor, or committing an act declared to be a misdemeanor, as claimed by the learned counsel for respondent.

The section says, " the following persons within the city of Little Falls shall be deemed disorderly persons   *   *   * every person found guilty of any act or acts making such person a disorderly person as herein declared, on conviction thereof, shall be punished, etc."

I am of the opinion that it cannot be held that the prohibited acts are declared by the section to be a misdemeanor, or that the person found guilty of doing any of the acts is guilty of a misdemeanor, or that the offense of being a disorderly person is declared to be a misdemeanor.

The words " shall be punished " are analogous to " is punishable " which are used in many sections of the Penal Law.

The words, " as for misdemeanor " relate and apply not to the disorderly person, nor to the prohibited acts, but solely to the punishment, that is, the kind and extent of punishment.

" Shall be punished as for misdemeanor " means the same as shall be punished like that for misdemeanor, or is punishable like that for misdemeanor.

The punishment for misdemeanors is as variable as the kind and number of misdemeanors.  There being no uniform punishment for misdemeanors, how can it be determined which misdemeanor was intended?

Section 145 might just as well have said, shall be punished as for crime other than that punishable by death or confinement in state prison.

No specific punishment being prescribed, no punishment can be imposed.

Section 1937 of the Penal Law (formerly Penal Code, § 15) does not apply; that is applicable only to " a person convicted

of a crime declared to be a misdemeanor " for which no other punishment is specifically prescribed, etc.

Section 1940 of the Penal Law (formerly Penal Law, § 689) is as follows:

" Section 1940. Punishment for felony when person convicted has been previously convicted of a misdemeanor. A person, who, having been convicted within this state of a misdemeanor, afterwards commits and is convicted of a felony, must be sentenced to imprisonment for the longest term prescribed for the punishment upon a first conviction for the felony."

Is it possible that if a person was convicted under section 145 of lounging and loitering about, standing on the sidewalk in front of premises not owned or occupied by such person, or of any of the other offenses therein named, and then convicted of a felony, that the court must under section 1940 sentence him to imprisonment for the longest term prescribed for the punishment upon a first conviction for the felony? I think not. But the court would be obliged to impose such a sentence if, as claimed by the learned counsel for respondent, the defendant was convicted of a misdemeanor, and that " shall be punished as for misdemeanor " is equivalent to " shall be guilty of a misdemeanor," notwithstanding section 145 says, " shall be deemed disorderly persons."

In the case of People v. Schermerhorn, 59 Misc. Rep. 146, a like provision of the charter of the city of Kingston was construed (Laws of 1896, chap. 747, § 51) and the court held that there was no provision in that charter for the punishment of the prohibited acts, and in that respect it was nugatory, that there was no authority in the recorder to sentence the defendant to imprisonment in the Ulster county jail, and reversed the judgment.

I have given the opinion in the Schermerhorn case much thought and attention and am convinced that the reasoning is sound and the conclusion correct.

The conclusion reached herein is, that the charter of the city of Little Falls contains no provision for the punishment of the acts enumerated in section 145, and in that respect is nugatory, and there was no authority to impose said sentence.

The judgment is, therefore, reversed.

Judgment reversed.