## COURT OF APPEALS.

### January, 1922.

## THE PEOPLE v. ALBERT E. DONNELLY.

### (232 N. Y. 423.)

(1) PENALTIES—WORKMEN'S COMPENSATION LAW—INTENT OF LEGISLATURE IN PRESCRIBING PENALTIES FOR VIOLATION.

Where the statute creates a new offense by making that unlawful which was lawful before, and prescribes a particular penalty and mode of proceeding, that penalty alone can be enforced. This rule, however, is deemed to be expressive of legislative intent and gives way to words and provisions indicating that other or additional penalties may also be enforced. It is always a question of legislative intent.

(2) SAME.

The legislature by the enactments and provisions of the Workmen's Compensation Law (Cons. Laws, ch. 67) prescribed three consequences as the effect of a failure to secure payment of compensation as required by section 50 thereof. 1. The recovery of a penalty to be sued for by the commission. 2. The striking out of certain defenses known to the common law in an action to be brought by the injured employee. 3. Prosecution as for a misdemeanor, and upon conviction the punishment of a fine or imprisonment, as provided in section 1937 of the Penal Law.

(3) SAME—PROSECUTION FOR MISDEMEANOR ON CHARGE OF FAILURE TO SECURE COMPENSATION TO EMPLOYEE PROPER.

The provision of section 52 reading, "and have the effect of enabling the injured employee, * * * to maintain an action for damages in the courts, as prescribed by section 11 of this chapter," is not the sole punishment, penalty or penal discipline for the misdemeanor created by that section, but such misdemeanor is punishable under the provisions of section 1937 of the Penal Law.

(4) SAME—ON CONVICTION MOTION IN ARREST OF JUDGMENT ON GROUND THAT DEFENDANT WAS NOT AMENABLE TO CRIMINAL PROSECUTION IMPROPERLY GRANTED.

Where a defendant charged with the crime of failure to secure compensation to an employee, in violation of the statute, is found guilty as charged, a motion in arrest of judgment upon the ground that the defendant was not amenable to prosecution in the courts of criminal jurisdiction is improperly granted.

People v. Donnelly, 198 App. Div. 296, reversed. .

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 28, 1921, which affirmed an order of the Court of Special Sessions of the city of New York arresting judgment against defendant after conviction for failure to secure payment of compensation to an employee as provided in the Workmen's Compensation Law.

*John E. Ruston, District Attorney (Harry G. Anderson* and *Floyd H. Wilmot,* of counsel), for appellant. The information properly and sufficiently charged the respondent with failing to secure compensation, a misdemeanor under section 52 of the Workmen's Compensation Law, an offense which the Court of Special Sessions of the city of New York had jurisdiction to try. (Behan v. People, 17 N. Y. 516; People v. Stevens, 13 Wend. 341; People v. Snyder, 90 App. Div. 422; People v. Hammerstein, 155 App. Div. 204, 211 N. Y. 552; People v. Meakim, 133 N. Y. 214; People v. Rohrs, 49 Hun, 150; People v. Terlihy, 66 App. Div. 534, 170 N. Y. 584; People v. Fuchs, 166 App. Div. 811; Caminetti v. United States, 242 U. S. 470; People v. Stevens, 13 Wend. 314.)

*William G. Cooke* and *Howard O. Wood,* for respondent. Where what was lawful before is made unlawful by statute, the penalty or punishment prescribed by that statute is the only one that can be inflicted. (People v. Stevens, 13 Wend. 341; Behan v. People, 17 N. Y. 516; Brown v. R. R. Co., 22 N. Y. 198; People v. Hislop, 77 N. Y. 331.) The defendant cannot be fined or imprisoned under section 1937 of the Penal Law, because another punishment is specially prescribed by sections 50 and 52 of the Workmen's Compensation Law. (Torbett v. Godwin, 62 Hun, 409; State of Iowa v. R. R. Co., 37 Fed. Rep. 497; Wisconsin v. Ins. Co., 127 U. S. 265.)

CRANE, J.:

The Workmen's Compensation Law (Cons. Laws, ch. 57, section 50) requires an employer to secure compensation to his employees in one of three ways: 1. By insuring in the State fund; 2. By insuring with an insurance company; 3. By furnishing satisfactory proof to the commission of his financial ability to pay such compensation for himself. For failure to comply with this law, certain penalties or punishments are prescribed. By this same section, it is said: " If an employer fail to comply with this section, he shall be liable to a penalty during which such failure continues of an amount equal to the pro rata premium which would have been payable for insurance in the State fund for such period of non-compliance to be recovered in an action brought by the commission."

Section 52 prescribed another effect of the employer's failure to secure compensation. It reads: " Failure to secure the payment of compensation shall constitute a misdemeanor and have the effect of enabling the injured employee, or in case of death, his dependents or legal representatives, to maintain an action for damages in the courts, as prescribed by section 11 of this chapter."

Section 11 enacts that if any employer fail to secure payment of compensation for his injured employees, the latter may elect to maintain an action in the courts for damages on account of an injury received, and in such an action it shall not be necessary to plead or prove freedom from contributory negligence, nor may the defendant plead as a defense that the injury was caused by the negligence of a fellow-servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.

On October 2, 1920, the district attorney of Kings county by information properly laid, accused the defendant in the Court of Special Sessions of the crime of failure to secure compensation to an employee in that he, the defendant, on the 5th of October, 1918, in the county of Kings, being an employer of

labor and engaged in the business of painting, a hazardous employment as defined in group 42 of section 2 of the Workmen's Compensation Law, failed to secure compensation to Frank Keightley, an employee, for injuries sustained by not insuring and keeping insured the payment of such compensation in the State fund, or insuring and keeping insured the payment of such compensation with an insurance company, or furnishing satisfactory proof to the State industrial commission of his financial ability to pay such compensation for himself.

The defendant thereafter was tried and found guilty as charged but the court granted the defendant's motion in arrest of judgment and discharged him upon the ground that the court had no jurisdiction as the defendant was not amenable to prosecution in the courts of criminal jurisdiction. This order of the Special Sessions has been affirmed by the Appellate Division by a divided court, and permission given to the People of the State to bring the case here for review.

It has been held by the courts below that sections 50 and 52 of the Workmen's Compensation Law, as quoted above, do not make it a crime punishable by fine or imprisonment for the employer to fail to secure payment of compensation as required. The only penalty, it is said, which is imposed in the case of such failure is the penalty to be sued for by the commission, as stated in the last paragraph of section 50 and the effect of enabling the injured employee to maintain an action for damages in which the employer will be barred from making certain defenses as prescribed in section 11, above referred to. In other words, although section 52 makes the failure to secure payment of compensation a misdemeanor, yet the punishment of such a misdemeanor is prescribed by the section and consists in the barring out of the defenses as stated in section 11 and which the employer would otherwise have at common law.

It is the law that where a statute creates a new offense by making that unlawful which was lawful before, and prescribes

a particular penalty and mode of proceeding, that penalty alone can be enforced. (People v. Stevens, 13 Wend. 341.) This rule, however, is deemed to be expressive of legislative intent and gives way to words and provisions indicating that other or additional penalties may also be enforced. It is always a question of legislative intent. (Behan v. People, 17 N. Y. 516.)

It would have been perfectly competent and legal for the legislature to have provided the three consequences following a failure of an employer to secure payment of compensation as required by section 50: 1. The recovery of a penalty to be sued for by the commission; 2. The striking out of certain defenses known to the common law in an action to be brought by the injured employee; 3. Prosecution as for a misdemeanor, and upon conviction by punishment of fine or imprisonment. (People v. Meakim, 133 N. Y. 214, 8 N. Y. Crim. 404.)

The question is—has the legislature by the above enactments and provisions of the Workmen's Compensation Law actually prescribed all of these three things as the effect of a failure to secure payment of compensation, or has it only prescribed the first two? I am inclined to the opinion that the legislature has made the failure a misdemeanor to be punished as provided in section 1937 of the Penal Law, i. e., by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both. I do not consider that the words of section 52 reading, "and have the effect of enabling the injured employee, * * * to maintain an action for damages in the courts, as prescribed by section 11 of this chapter," is the punishment, penalty or penal discipline for the misdemeanor created by that section. There might be much force in the position taken by the defendant if it were not for the amendments made to this law as originally enacted. Section 52 of chapter 41 of the Laws of 1914 did not contain the words "constitute a misdemeanor." The section then read:

"Section 52. Effect of failure to secure compensation.

Failure to secure the payment of compensation shall have the effect of enabling the injured employee or his dependents to maintain an action for damages in the courts, as prescribed by section 11 of this chapter."

By chapter 622 of the Laws of 1916, section 52 was amended so as to read as follows, the words put in italics being those added by the amendment:

"Section 52. Effect of failure to secure compensation. Failure to secure the payment of compensation shall *constitute a misdemeanor and* have the effect of enabling the injured employee, *or in case of death,* his dependents or *legal representatives,* to maintain an action for damages in the courts, as prescribed by section 11 of this chapter."

Prior to the amendment, therefore, the Workmen's Compensation Law provided that where the employer failed to secure payment of compensation, a penalty could be recovered in an action by the commission and the employee could maintain a common-law action in which certain defenses were barred to the employer. All of these are in the present law, but there is the addition màde by the above amendment that the failure to secure payment of compensation shall constitute a misdemeanor. Why were these words put in the section if it were not intended to add another punishment or effect to the failure of the employer? These words could give no additional force to the provision regarding the penalty or that regarding the maintenance of an action. They were meaningless unless they brought to section 52 something more than had previously been in it, and that something more could only be and must be that which the words, themselves, state, namely, that a failure to secure payment of compensation would constitute a misdemeanor. The punishment for a commission of this misdemeanor was left, as in many other instances, to section 1937 of the Penal Law, which provides:

"Section 1937. Punishment of misdemeanors when not fixed by statute. A person convicted of a crime declared to be

a. misdemeanor, for which no other punishment is specially prescribed by this chapter, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both."

For the reasons here expressed, the orders of the Appellate Division and the Special Sessions must be reversed.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Orders reversed.

## NOTE ON § 1937, PENAL LAW.

### PUNISHMENT OF MISDEMEANORS WHEN NOT FIXED BY STATUTE.

A similar provision was contained in the Revised Statutes. (People v. Sadler, 97 N. Y. 146.)

This section does not apply where any other punishment is specially prescribed by the Penal Law nor where it is prescribed by any other statutory provision in force at the time of conviction and sentence. Accordingly, a person convicted in New York city for indecent exposure of his person in violation of section 1140 of the Penal Law, which describes his offense as a misdemeanor but provides no punishment, should be sentenced to an indeterminate sentence in the penitentiary of New York city under section 4 of the Parole Commission Act (Laws 1915, ch. 579) rather than to imprisonment in the penitentiary for one year under this section. (People v. Warden, 184 App. Div. 777.)

The inference from this section is that when, by some other provision of the Code (now Penal Law) an offense is simply made a misdemeanor, the punishment is not considered as thereby specially prescribed. (People v. Christy, 65 Hun, 349.)

The section applies to a misdemeanor for which no punishment was prescribed when the act was committed, though subsequently a punishment was prescribed. (People v. England, 91 Hun, 152.)

The misdemeanors here referred to are such as are specifically so designated and declared. (People v. Craig, 129 App. Div. 851; on other grounds, 195 N. Y. 190.)

This section applies to misdemeanors created by statutes other than the Penal Law for which there is no other enforceable penalty. (People v. Olcease, 41 Misc. 102.)

It does not preclude a sentence to the Western House of Refuge for Women at Albion pursuant to section 226 of the State Charities Law. (People v. Curtin, 152 App. Div. 364.)

Imprisonment for nonpayment of a fine imposed under this section may be provided for under section 484, Code Criminal Procedure. (People v. Hayes, 151 App. Div. 561.)

In the case of offenses within the jurisdiction of courts of special sessions this section is limited by section 717, Code of Criminal Procedure, so far as such courts are concerned. (People v. Davy, 32 N. Y. S. 106. See, however, People v. Palmer, 43 Hun, 397, 109 N. Y. 413.)

To take a case of these general provisions it is needful to find some provision of law specially prescribing the punishment for the particular crime under consideration. (People v. Meakim, 133 N. Y. 214.)

The exception for punishment otherwise provided for does not operate to continue in force the provisions for punishment contained in earlier statutes not expressly repealed but which are in other respects repealed by section 2501. (People v. McTameney, 30 Hun, 505.)

A statute authorizing the confinement of juvenile delinquents in a reform school prescribes other punishment so that the section does not apply to such offenders. (People v. Marsten, 75 Hun, 580.)

A conspiracy to commit rape, a misdemeanor under section 580, is punishable under this section. (People v. City Prison, 207 N. Y. 354.)

A criminal attempt made a misdemeanor by section 600 may be punished under this section. (Typothetae v. Typographical Union No. 6, 66 Misc. 484, 138 App. Div. 293.)

A violation of section 181 relating to fighting animals is punishable under this section. (Matter of O'Hare, 60 Misc. 269.)

A violation of section 1170, relating to fraudulent conveyances, is punishable under this section. (Loos v. McKinson, 51 Hun, 74.)

This section creates no offense but provides punishment for misdemeanors not otherwise punishable, so that a provision in a city charter declaring certain persons ''disorderly persons'' who ''shall be punished as for misdemeanors,'' cannot be pieced out by this section and punishment imposed thereunder, the acts not being declared a misdemeanor. (People v. Lunn, 81 Misc. 476; People v. Schermerhorn, 59 Misc. 146.)

A violation of the Sanitary Code of City of New York, made up of health ordinances adopted by its board of health, made a misdemeanor by the city charter, is punishable under this section. (People v. Dept. of Health, 117 App. Div. 856; revd. on other grounds, 189 N. Y. 187.)

Libel, made a misdemeanor by section 1341, is punishable under this section. (People v. Parr, 4 N. Y. Crim. 545.)

Also disregard of barriers closing a highway under construction.  (Op. Attorney-General, 1908, 514.)

Liquor tax violation declared a misdemeanor for which an unenforceable penalty is prescribed is punishable under this section.  (People v. Olcease, 41 Misc. 102.)

Violation of statutes made misdemeanors by section 29, Penal Law, may be punished under this section.  (Matter of Vanderhoff, 15 Misc. 434.)