WESTCHESTER COUNTY v. TRUSTEES OF LEAKE & WATTS ORPHAN HOUSE IN CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department.    October 7, 1910.)

1. EMINENT DOMAIN (§ 245*)—ACQUISITION OF PROPERTY FOR PUBLIC USE—
AMENDMENTS OF INTERLOCUTORY JUDGMENTS—POWER OF COURT.

   Under Laws 1905, c. 646, as amended by Laws 1907, c. 747, providing for the construction of a sewer in a county and the acquisition of lands therefor, and declaring that the county, on the filing of the oaths of the commissioners appointed to ascertain the compensation for the property to be taken, shall be seised of all parcels which it has been determined shall be acquired, the court, in proceedings for the acquisition of an easement, may not amend the decision and interlocutory judgment by limiting the width of easement to be acquired in a parcel, and thus reduce the compensation to be awarded, where the petition was an application for an easement for the entire width of the parcel, and where the map showing the parcel did not show any limitation of the easement, and where the interlocutory judgment, before amendment, described the strip shown on the map as to length and breadth, without placing any limitation on the easement therein.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 637; Dec. Dig. § 245.*]

2. EMINENT DOMAIN (§ 245*)—ACQUISITION OF PROPERTY FOR PUBLIC USE—
AMENDMENTS OF INTERLOCUTORY JUDGMENTS—POWER OF COURT.

   Where the state, in the exercise of the power of eminent domain, takes title from one and places it in another, the court through which it acts may not vacate the title, nor compel the owner to receive back the property, nor reapportion it between the parties, nor direct less than full compensation for it in its entirety.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 637; Dec. Dig. § 245.*]

Appeal from Special Term, Westchester County.

Condemnation proceedings by the County of Westchester against the Trustees of the Leake & Watts Orphan House in the City of New York and others. From an order amending the decision and interlocutory judgment, defendants appeal. Reversed and remanded.

See, also, 123 N. Y. Supp. 1148.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, RICH, and CARR, JJ.

Ralph E. Prime, for appellants.

James M. Hunt, for respondent.

THOMAS, J. The proceedings show error only in the order amending the decision and interlocutory judgment, whereby the easement was directed to be taken in a strip of land 12 feet, rather than 100 feet, in width. Such amendment was beyond the power of the court. The proceedings were to acquire easements in certain of defendants' land for the construction of a sewer in the county of Westchester, pursuant to chapter 646, Laws of 1905, as amended by chapter 747, Laws of 1907. The act provides:

"In case commissioners to ascertain the compensation to be made to the owners of property to be taken in proceedings for the condemnation of real property shall be appointed, as provided by the Code of Civil Procedure, the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

county of Westchester shall, on filing the oaths of said commissioners in the office of the clerk of Westchester county, be and become seized of all those parcels of real estate which are in the maps described as parcels of which it has been determined that the fee or easement therein should be acquired, and the said sewer commissioners may immediately, or at any time or times thereafter, take possession of the same; or of any part or parts thereof; and the said sewer commissioners and their successors or any persons acting under their or its authority may enter upon and use and occupy in perpetuity all the parcels of real estate described in said maps for the purpose of constructing and maintaining on, in, under and over the same, the said sewers and their appurtenances." Laws 1905, c. 646, § 6.

The petition states that in the central 12 feet of parcel No. 1 "is a permanent or perpetual easement to be acquired." The petition as amended omits the limitation to 12 feet, and leaves the application for an easement through the entire width of the parcel, which is 100 feet. The map (Exhibit 1) shows parcel 1, but does not show limitation of the easement to be acquired to 12 feet thereof. The petition, the decision, and the interlocutory judgment describe the strip shown on the map as to length and breadth, but place no limitation on the easement therein. Plaintiff's counsel in his affidavit, whereon is based the motion to amend the interlocutory judgment, states that in his opinion the interlocutory judgment does limit the permanent easement in parcel No. 1 to the central 12 feet thereof. Such conclusion, if justified, would answer objection; but attention is not called to language that sustains it, nor is it aided by the map. The result is that the court, moved by the amended petition, and following the map, determined that a permanent easement in parcel No. 1, through the whole width thereof, should be taken, and commissioners were appointed and qualified, and thereupon the county of Westchester became vested with the easement adjudged, with a full right to enter and enjoy it in perpetuity. What was the property of the defendants, upon the happening of the event named by the statute, became the property of the plaintiff.

It was in vain that the court amended its judgment, so as to direct that the easement be diminished in quantity, and payment made accordingly. The plaintiff had availed itself of a statute whereby it became the owner of defendants' property, and was bound to make therefor compensation to be ascertained. It could not rid itself, in whole or in part, of what it had taken. The statute had at its instance been executed, and the court could not aid the plaintiff's attempted retreat from the obligation assumed. The title of the defendant, unwilling, but compelled, had by process of law been carried to the plaintiff. When the state, in the lawful exercise of the power of eminent domain, takes title from one and places it in another, the court, through which it acts, may not vacate the title, nor compel the original owner to receive back the property, nor reapportion it between the parties, nor direct less than full compensation for it in its entirety. In the cases cited by the learned counsel for the plaintiff, the interlocutory judgment was amended before title had passed.

The final order, and the order to amend the decision and interlocutory judgment, should be reversed, and a new appraisal had before the same commissioners, with costs of this appeal. All concur.