### In re CITY OF NEW YORK.

#### Appeal of H. W. JOHNS–MANVILLE CO. et al.

(Supreme Court, Appellate Division, Second Department. March 3, 1911.)

1. EMINENT DOMAIN (§ 145*)—COMPENSATION—MEASURE—STATUTORY PROVISIONS—VALIDITY.

Greater New York Charter (Laws 1901, c. 466) § 822, which provides that, where a part only of the property of a riparian proprietor is taken for water front improvements, the difference between the value of the entire premises and that of the premises remaining after the taking shall be the measure of compensation, considered as an exercise of the power of eminent domain, is violative of Const. art. 1, § 6, requiring that private property shall not be taken for public use without just compen-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sation, in that it permits the benefits to be offset against the value of the part taken for public use.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 378–389; Dec. Dig. § 145.*]

2. EMINENT DOMAIN (§§ 138, 145*)—COMPENSATION—TAKING PART OF TRACT OR PROPERTY—WATER FRONT RIGHTS.

Greater New York Charter (Laws 1901, c. 466) § 822, provides that, where a part of improved riparian property contiguous to land under water and used in connection with the improvements is taken, the difference between the value of the entire property and the value of the part remaining after the taking shall be the measure of compensation. A strip of land under water, part of a tract used as the site of a power house, and itself used as a berth for vessels in delivering coal by water, was taken by the city, leaving an open water approach on the other side of the property, to which, however, the power company had no exclusive rights, and which was liable to be closed. *Held*, that compensation should be for the full value of the land actually taken, regardless of any benefits from any proposed public use, and that there should be full compensation for damage to the remaining part with allowance for benefits from such use, considering the change necessary for the company to retain absolute control of its plant and its use at its highest utility, with allowance for water access taken and for limitation on the use of the water access remaining, as well as damage from any necessity of procuring another location and removing its plant.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 370, 378–389; Dec. Dig. §§ 138, 145.*]

3. EMINENT DOMAIN (§ 194*)—ACQUISITION OF PROPERTY FOR PUBLIC USE—AMENDMENT OF INTERLOCUTORY JUDGMENT—POWER OF COURT.

The granting of an order allowing the city to amend a proceeding to acquire property for public use, made more than a year after the proceeding was instituted, and after title to the land acquired had vested in the city, without notice of the proposed amendment to an owner of the fee in the property affected by such order, is not within the power of the court.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 194.*]

Appeal from Special Term, Kings County.

In the matter of the application of the City of New York, etc., relative to acquiring the right and title to the possession of certain lands, etc., for ferry purposes. From an order confirming the report of commissioners of estimate and assessment, the H. W. Johns-Manville Company and others appeal. Order reversed, and proceeding remitted to new commissioners.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, RICH, and WOODWARD, JJ.

William H. Harris (Fancher Nicoll, on the brief), for appellants Johns-Manville Co. and Nelsons.

Edward W. Hatch (Charles L. Woody, on the brief), for appellant Nassau Electric R. Co.

WOODWARD, J. The commissioners in this proceeding were appointed on the 8th day of June, 1906, upon the petition of the city of New York to acquire for ferry purposes all the land between the southerly line of Thirty-Ninth street and the southerly line of Thirty-Eighth street and the westerly line of Second avenue and the pierhead

line established by the Secretary of War in 1890, being 2,452 feet long and 264 feet wide, in the borough of Brooklyn. The land taken from the defendant the Nassau Electric Railroad Company, one of the appellants, consists of a strip of land under water 30 feet in width and 147 feet long, being a part of a tract of land used by the said defendant for the purpose of a power house. This is a 60,000 horse power plant, consuming large quantities of water and coal, and the commissioners have awarded for the loss and damage to this parcel, stated as a single item, the sum of $27,110.58. It is claimed on the part of the Nassau Electric Railroad Company that the award made by the commissioners was not the amount required to be made the claimant under the provisions of the Greater New York Charter (Laws 1901, c. 466) which provides as follows:

"Section 822. * * * If the property of the riparian proprietor has been built upon or improved, and if such buildings or improvements are upon a single tract contiguous to or adjoining lands under water, or which were originally under water, and used in connection therewith, and part only of such property is proposed to be taken, the fair and just value of the entire premises shall first be ascertained, and then there shall be ascertained the like value of the premises in the condition in which they will be after the part is taken, and the difference in value, be it more or less than the separate value of the part taken, shall constitute the measure of compensation."

The commissioners, in a memorandum, say that:

"In estimating the damage resulting to parcels 2, 4, and 5, by reason of the taking of the 30-foot strip from the northerly side, the commissioners have regarded and considered said parcels as improved real estate, consisting of lands and buildings, and the uses to which they were applied at the time of taking."

It was held in Matter of City of New York, 190 N. Y. 350, 83 N. E. 299, 16 L. R. A. (N. S.) 335, that section 822 of the Greater New York charter was unconstitutional, because it permitted benefits to be offset against the value of the portion of property taken for public purposes; but the appellant does not raise this question, urging, on the contrary, that the commissioners have failed to make the award in harmony with this provision of the statute, and that the city, having elected to take advantage of the privileges of the statute, is not entitled to question the validity of the act.

Taking the view that the commissioners have sought to comply with the provisions of the statute, we are of the opinion that they have overlooked some of the elements which should have entered into the calculation. If the damages to the property were to be considered, it should have taken into consideration the fact that the Nassau Electric Railroad Company had improved this property for a special purpose—for a purpose for which it was specially adapted. It was necessary, for instance, to the economical operation of the plant, that it should have an absolute right to have its coal delivered direct from the water side. This right it had under its deeds on the Thirty-Ninth street side of its power house, and it did not have such right on the Fortieth street side of its property; and the contention of the city of New York that the defendant has such access on the Fortieth street side, because there is now an open waterway, does not meet the requirements, for this open way is concededly liable to be closed,

up by the owners of the fee at any time, while the additional burden to be placed upon the Fortieth street slip by reason of the closing of the Thirty-Ninth street slip by the construction of the proposed ferry will materially interfere with the use by the defendant of the Fortieth street approach to its premises, which abut on both streets or ways.

Moreover, while we do not think there is justification for believing that the power house will have to be abandoned, or that the machinery will necessarily go into the junk heap, we are of the opinion that the changes necessary to be made to give the defendant absolute control of its power plant, with rights of access and of an opportunity to perform all of its functions and operations upon its own premises, should be taken into account, to the end that the defendant shall be placed in the same relative position that it occupied when this proceeding was instituted. "The paramount law intends," says Lewis on Eminent Domain (3d Ed.) § 686, "that such owner, so far as that lot is in question, shall be put in as good a condition, pecuniarily, by a just compensation, as he would have been in if that lot of land had remained entire, as his own property. How much less is that lot, and its erections thereon remaining, worth to the owner, as property to be used or leased or sold, the day after the part was taken, to be used for the purpose designed, than the whole lot intact was the day before such taking. In considering damages to the remainder, however, the whole remainder must be taken into account. If a part is damaged and part benefited, the question will be whether the whole is worth less than before the taking."

It appears in the record without dispute that this is a highly desirable location for a power house, such as the defendant is maintaining. The defendant has a right to the premises for their highest utility, and just compensation requires that it be compensated for the full value of the land actually taken, without reference to the benefits which may accrue from the use to which it is to be put, and that the damages to the remaining portion of the plot shall be fully paid, taking into consideration any benefit that may be fairly expected to flow to the remainder from the use to which the premises taken are to be subjected. If the defendant is cut off from the waterway on the Thirty-Ninth street side, it is entitled to the value of that waterway right, even though it has another water right on the Fortieth street side. If it has no water right on the Fortieth street side, or if that right is subject to limitations, this fact is important in arriving at the remaining value of the premises, and it should be fully considered. If the destruction of the waterway is such as to deprive the defendant of the use of its property at its highest utility, then the damages resulting from the necessity of procuring another location and removing the buildings and machinery should be taken into view, to the end that the defendant shall not be called upon to contribute more than its just share to the use of the public.

We are equally persuaded that the order of May 16, 1907, granted nearly one year after this proceeding was instituted, and long after title to the various parcels had vested in the city of New York, could

not operate to change the rights of the H. W. Johns-Manville Company, another of the appellants, who were the owners of parcels 3 and 5, and who were not served with notice of the effort to amend the proceeding. These appellants appear to have certain rights in the fee to the premises attempted to be affected by such order, and, never having had an opportunity to be heard upon this point, they very properly ask the intervention of this court to protect them. It was held in County of Westchester v. Trustees L. & W. Orphan House, 140 App. Div. 188, 124 N. Y. Supp. 1029, that a petition could not be amended to change the rights of property owners after the title had vested, and it would certainly be strange if the order now under consideration could change the rights of the appellants, or determine the ownership of the fee in the property taken. If the right of way to Second avenue was in private owners, as contended by the appellant, then it is conceded that the H. W. Johns-Manville Company was not awarded proper compensation, and a careful reading of the record leads to the conclusion that the commissioners have adopted a wrong principle in arriving at their awards, and that the awards made by the commissioners should be reversed, and the proceeding should be sent to new commissioners, to dispose of in harmony with the suggestions of this opinion.

Order reversed, with $10 costs and disbursements, and proceeding remitted to new commissioners, to dispose of in accordance with the above opinion. All concur.