In re CITY OF NEW YORK.

CITY OF NEW YORK v. H. W. JOHNS–MANVILLE CO. et al.

(Supreme Court, Appellate Division, Second Department. February 14, 1913.)

1. ESTOPPEL (§ 4*)—PETITION NEGATIVING OWNERSHIP.

A city petitioning for the condemnation of land for ferry purposes, and alleging that it had no interest in the land proposed to be taken, is not thereafter in a position to claim title in itself for street purposes.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 6; Dec. Dig. § 4.*]

2. EMINENT DOMAIN (§ 119*)—COMPENSATION—APPROPRIATION TO NEW PUBLIC USE—STREETS—FERRY PURPOSES.

A city having some interest in premises for street purposes must extinguish fee rights therein when use for street purposes is abandoned and the premises are taken for a ferry.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 304–314; Dec. Dig. § 119.*]

3. EMINENT DOMAIN (§ 205*)—COMPENSATION—ASSESSMENT BY COMMISSIONERS—WEIGHT OF EVIDENCE.

A view of the premises to be condemned, in their relation to other property, had by commissioners to assess damages, is some evidence on the question of value, and is not overcome by the testimony of witnesses tending to show that the property is not as valuable as the owners claim.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 544; Dec. Dig. § 205.*]

Appeal from Special Term, Kings County.

In the matter of the application of the City of New York to condemn land. From an order of Special Term confirming the report of commissioners, and directing the payment to H. W. Johns-Manville Company and others, claimants therein mentioned, the City of New York appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

James D. Bell, of Brooklyn (John B. Shanahan, of Brooklyn, on the brief), for appellant.

William H. Harris, of New York City (Fancher Nicoll, of New York City, on the brief), for respondents, H. W. Johns-Manville Co. and others.

C. L. Woody, of Brooklyn, for respondent Nassau Electric Railroad Co.

PER CURIAM. Upon an appeal from an order confirming an original award in this case, we held that the commissioners had over-

---

looked some elements of value in the properties acquired, and reversed the order, sending the matter to new commissioners to dispose of the questions in harmony with the suggestions of the opinion handed down at the time.  143 App. Div. 515, 128 N. Y. Supp. 12.  The matters involved have been heard by a new commission, and the report of such commissioners has been made and confirmed by the court at Special Term, and appeal comes to this court.  The learned justice at Special Term has handed down a memorandum, correctly disposing of the contentions of the appellant in the main, and it hardly seems necessary to go into an extensive review of the record now before us.

[1] The principal contention of the appellant before the Special Term appeared to be that the claimants were not the owners of the property which had been taken, but, as the learned justice has pointed out, the city of New York in its petition alleged that it had no interest in the lands proposed to be taken, and it is hardly in a position now to urge title in the city for street purposes.

[2] Moreover, the purpose for which the premises in question are now taken is for ferry purposes, and the respondents certainly had some interest in the fee to the highways, and, if it be conceded that the city had some interest in the premises for street purposes, it would still be called upon to extinguish fee rights in the same when this public purpose was abandoned and the premises were taken for another public use.  The position of the learned Special Term appears to be practically conceded, for it is now urged on this appeal that:

"Assuming, for purpose of argument, that the claimants owned in fee simple absolute the part of the strip taken which is under water, it was not a valuable waterway; on the contrary, it had little or no value. The awards made by the commissioners are without evidence to support them, and made on erroneous assumptions and principles."

[3] It is always to be borne in mind that the commissioners view the premises in this kind of proceedings, and it can never be said that there is no evidence before them as to the value of any of the property in question, unless it is shown that they have avoided this important part of their duties.  Their own view of premises, in their relation to other property, is some evidence upon the question of value, and this evidence is not overcome by the testimony of witnesses tending to show that the property is not as valuable as the claimants urge.  Our attention is called to certain testimony to the effect that a slip or waterway 30 feet in width is subject to limitations in use which would not make it as valuable as a wider way, but this by no means establishes that a slip of 30 feet in width in the harbor of New York is without value, or even that the value is insignificant.  Both of the respondents now before this court have manufacturing or electric power plants upon the mainland adjacent, and it is highly important to these claimants that they should have access to water for receiving and forwarding freight, and it does not appear that for these purposes more than 30 feet of clear way is necessary, however convenient it might be to have more space.

We have examined the other points presented in behalf of the appellant, but we do not find reversible error in the record.  No error

in principle is pointed out, and, the appellant having brought the parties into court upon the theory that they had rights in the premises which the city of New York did not own, but which it was desirous of procuring for ferry purposes, we are of the opinion that it is not now in a position to urge a contrary state of facts, even though they rested upon a more tangible basis than we have been able to discover from the consideration of the record now before us.

The order appealed from should be affirmed, with costs.