Paul C. Reuss, J.
The claimant, Knollwood Beal Estate Company, was the owner in fee of a tract of land comprising 134,743 acres, situated in the Town of Greenburgh, Westchester County, New York. This parcel of property had been leased to the claimant, Knollwood Country Club, pursuant to a lease dated May 1,1920 for a term of 99 years.
The Knollwood Country Club, a membership corporation, organized under the laws of the State of New York operated the premises as a golf course and country club. The lessee paid all the expenses of the operation of the club including taxes and assessments. Both corporations are nonprofit organizations, and both have the same group of officers, moreover they were represented upon trial herein by the same counsel. The parties stipulated in open court that any award herein be made in the name of both claimants without division.
On October 14, 1958 the State of New York acting pursuant to section 30 of the Highway Law, through its Superintendent of Public Works, appropriated 0.419± acres of the claimants’ property without right of access by filing a map and description thereof (Map 102, Parcel No. 133 Cross Westchester Expressway, Elmsford Section F. A. I. 520-1-1) in the office of the County Clerk of Westchester County. We adopt the map and description of the appropriated property shown and set forth on such map, and reference is hereby made thereto for such description without repetition thereof.
The claim was filed in the office of the Clerk of the Court of Claims and a copy thereof was served upon the Attorney-General on November 24, 1959. Such claim has not been assigned.
The court has viewed the property.
The appropriation under consideration consisted of the taking of a triangular shaped parcel of land which comprised a fairly substantial portion of the green of the first hole of the Knoll-wood Country Club golf course. There is no dispute as to the fact that such first hole can be redesigned and the golf course restored to approximately the same condition it was in before the appropriation. Both the claimants and the State offered their version of the manner in which such restoration could be made in order to mitigate the consequential damages to the remaining property after the appropriation. There is dispute, however, as to the methods of accomplishing such restoration *430 and a corresponding wide variation with respect to the cost involved.
The problem of restoration not only involved the reconstruction of the first hole green, but also maintaining approximately the same length of the entire course. Prior to the appropriation, the golf course was 6,353 yards long; 3,280 yards dedicated to the front nine holes and 3,073 yards to the back nine.
The claimants propose a reconstruction of the green of the first hole and the setting back of the first tee to compensate for the yardage lost by the relocation of the green. The State, on the other hand, recommended a relocation of the first green, which would reduce the distance on the first hole from 390 yards to 355 yards. It would compensate for the lost yardage by relocating the tee of the 14th hole, so as to increase the length of that hole from 282 yards by approximately 35 yards, to 317 yards thereby not only maintaining the same length which existed prior to the appropriation, but also bringing the length of the front and back nine into a closer equation.
A member of the club, who is an architect and one of his firm’s employees, testified to the claimants’ proposed method of restoration. Neither witness ever designed a golf course. The member’s work and that of his firm was primarily designing buildings, with emphasis on hospitals. The employee had limited experience in laying out portions of a golf course.
The State called as an expert witness a golf course architect with an impressive background in this specialized field. We accept his plan as being the more practical and in arriving at an award, we have given consideration to his estimate of the cost of restoration. We also find that it will be necessary to restore screen planting at the first hole and have considered the cost thereof. (New York State Elec. and Gas Corp. v. Belard Props., 2 A D 2d 791; Sinclair Refining Co. v. State of New York, 279 App. Div. 692; Matter of City of New York [39th St. Ferry], 143 App. Div. 515.)
The claimants are entitled to the fair market value of the parcel appropriated, as well as consequential damages to the remaining land.
By reason of the appropriation by the State of New York, the claimants have been damaged in the amount of $42,000 and are entitled to an award against the State of New York in the amount of $42,000 in the name of both parties without division with interest thereon from October 14, 1958 until April 14, 1959 and from November 24, 1959 to the date of entry of judgment herein.
*431 The foregoing memorandum constitutes the decision of the court. (Civ. Prac. Act, § 440.) The court has passed upon the requests to find and the conclusions of law of the respective parties, submitted pursuant to section 439 of the Civil Practice Act. Such requests, which have been found by the court are incorporated herein. Some of the requests have been refused because they are inconsistent with the facts found in this memorandum, others because they are argumentative or inaccurate, or reflect testimony rather than ultimate findings, or deal with elements which are unnecessary to this decision.